Opinion by
 

 Hoffman, J.,
 

 Appellant, Alexander C. Adams, was found guilty of aggravated robbery on April 25, 1966. He was sentenced to a term of not less than two nor more than five years.
 

 On August 3, 1966, appellant filed a petition under the Post Conviction Hearing Act alleging the denial of his constitutional right to representation by competent counsel. On September 15, 1966, a hearing was held, at which appellant was represented by counsel. The petition was dismissed and no appeal was taken therefrom.
 

 On April 13, 1967, appellant filed a second petition under the Act alleging the same contention made in the petition of August 3, 1966 and also alleging, for the first time, that he was not informed of his right to assistance of counsel on appeal. A hearing was held on May 31, 1967, at which appellant was represented by counsel. The petition was denied on July 5, 1967, and from that denial this appeal follows.
 

 The Commonwealth contends that appellant has finally litigated his right to assert incompetent trial counsel and has waived his right to assert the denial of assistance of counsel on appeal pursuant to § §3 (d) and 4 of the Post Conviction Hearing Act. We agree.
 

 Section 3(d) states that a person is only eligible for relief if he proves: “That the error resulting in his conviction and sentence has not been finally litigated or waived.” Section 4(a)(1) states that an issue is finally litigated if: “It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court’s ruling; . . .” Section 4(c) states: “There is a rebuttable pre
 
 *152
 
 sumption that a failure to appeal a ruling or to raise, an issue is a knowing and understanding failure.”
 

 It is true that our courts have stated that the doctrine of
 
 res judicata
 
 is inapplicable to habeas corpus proceedings.
 
 Commonwealth ex rel. Bordner v. Russell,
 
 422 Pa. 365, 221 A. 2d 177 (1966). Thus, a pe-. titioner could file numerous repetitive petitions and the court would have to determine whether the writ should issue in each case. To avoid this problem and yet accord substantial justice, our Courts devised a concept which amounted to a qualified
 
 res judicata.
 
 Accordingly, it became settled “. . . that absent unusual circumstances or intervening change of law, a court may refuse to entertain a contention which has been fully considered on a prior petition for collateral relief.”
 
 Commonwealth ex rel. Bordner v. Russell,
 
 supra at 369-370.
 

 The present Act has codified this finality of litigation concept. It envisions a simplified, expedient, and comprehensive method of handling habeas corpus petitions as well as a means of discouraging repetitious petitions. It specifically provides that a petitioner should be given an adequate opportunity, with counsel, to vindicate any alleged constitutional trial errors. See
 
 Commonwealth v. Kizer,
 
 428 Pa. 99, 236 A. 2d 515 (1967). If extraordinary circumstances later arise, the Act allows the petitioner to again ask for post-conviction relief. Absent such circumstances, however, the Act provides for only one petition in which the petitioner must allege all errors that may have prejudiced him.
 
 [1]
 

 
 *153
 
 In tlie instant case appellant set forth the same allegation made in his first petition, which was considered in a full hearing at which he was represented by counsel. Therefore, since appellant has presented no evidence to rebut the presumption of a knowing and understanding failure
 
 [2]
 
 to appeal the ruling of the trial court on the previous petition, he has, pursuant to §4 (a)(1), finally litigated the issue of his alleged deprivation of his right to competent counsel. Consequently, we hold that appellant cannot raise this issue in a second petition, and,
 
 a fortiori,
 
 on appeal in the case at bar.
 

 Appellant also alleges in his second petition that he was not informed of his right to assistance of counsel on appeal. It is our opinion that he has waived the right to raise this issue under §§4(b) (1) and 4(c).
 

 Section 4(b) provides that an issue is waived if: “(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.”
 

 The Pennsylvania Supreme Court in
 
 Commonwealth v. Snyder,
 
 427 Pa. 83, 233 A. 2d 530 (1967), specifically adopted the federal standard of waiver for the opportunity to raise alleged constitutional trial errors as defined in the United States Supreme Court decisions of
 
 Fay v. Noia,
 
 372 U.S. 391 (1963), and
 
 Henry v. Mississippi,
 
 379 U.S. 443 (1965). The
 
 Snyder
 
 case states that the standard applies with regard
 
 to
 
 direct appeals as well as to §4 of the Post Conviction Hearing Act.
 

 Thus, the
 
 Snyder
 
 case imports that if counsel does not raise or argue certain issues, in some instances,
 
 *154
 
 the petitioner himself has, presumptively, knowingly and intelligently waived them. The case at bar exemplifies one such circumstance. The appellant was represented by counsel at his 1966 hearing. Accordingly, counsel could have raised any alleged constitutional errors as to appellant’s rights under
 
 Douglas v. California,
 
 372 U.S. 353 (1963). Furthermore, appellant does not present any evidence in the instant petition to rebut the presumption of §4(e), nor any extraordinary circumstance which precluded him from asserting the allegation in his first petition. We find, therefore, that appellant has waived his right to now allege that he was not informed of his right to assistance of counsel on appeal.
 

 For the above reasons, the order of the court below is affirmed.
 

 [1]
 

 It should be noted that the Act permits liberal amendment of the petition, and this provides court-appointed counsel an adequate opportunity to interview the petitioner, review the record of the case and then aid the petitioner in clearly setting forth all relevant and material allegations in his petition.
 

 [2]
 

 §4(e) of the Act.