Commonwealth *v.* Bates, Appellant.

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Gilbert Bates,* appellant, in propria persona.

*Roger Cox* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 13, 1968:

This is an appeal from a denial of post-conviction relief to appellant Gilbert Bates, after hearing. Ap-

pellant was found guilty June 29, 1966 on a trial without a jury before Honorable DAVID H. WEISS, Judge, of corrupting the morals of a minor and statutory rape. At trial appellant was represented by Mr. Kahn of the Voluntary Defender's staff. Following a psychiatric examination appellant was sentenced to a term of three to ten years on the statutory rape charge. An appeal was taken to the Superior Court wherein appellant was represented by Mr. Packel of the Voluntary Defender's staff. The brief on appeal in this Court stated: "Counsel for appellant can find nothing in the record upon which an argument for reversal could be made . . . and despite . . . mailed requests for a statement of his contentions sent to the defendant, no indication has been received . . . of what issues the appellant wishes to raise on appeal." Cf. *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968). This Court affirmed the judgment of sentence by a per curiam order dated August 7, 1967 (210 Pa. Superior Ct. 732, 231 A. 2d 412).

On November 15, 1967 appellant filed a petition for post-conviction relief, alleging, inter alia, (1) denial of representation by competent counsel at trial; (2) violation of constitutional rights under *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964); and (3) introduction into evidence of a coerced statement of the twelve-year old child, the alleged victim of the rape.

The court below held an extensive post-conviction hearing on the above and certain other issues, found that trial counsel was competent, and dismissed the petition. From this order dismissing his post-conviction petition appellant, on appeal to this Court, filed an extensive pro se brief.

Appellant raises three principal issues under his pro se brief, i.e., (1) denial of his constitutional right to representation by counsel under *Escobedo v. Illi-*

*nois,* supra; (2) inadequate representation by counsel at trial, citing *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967); and (3), inadequate representation by counsel on his prior direct appeal to this Court, since counsel's brief found no merit in the appeal, citing and relying upon *Commonwealth v. Baker,* supra.

The hearing judge properly decided appellant did not show incompetency of counsel or inadequate representation at trial. Appellant gave three distinct versions of counsel's conduct, (1) Mr. Kahn, his counsel, told him to testify he did not remember anything at the time the alleged attack took place; (2) he was alone with the victim but had lain on a couch and slept until awakened by the arresting police officers; and (3), appellant gave the Voluntary Defender's staff a version of his conduct at the time which was completely exculpatory. Mr. Kahn testified at length on the post-conviction hearing. He did not recall how he advised appellant to plead but he did say he did not advise him to lie. On this conflicting evidence the court below could well find, as it did, that inadequacy of counsel at trial was not shown.

Secondly, there is no merit in appellant's contention that *Escobedo* warnings were not given to him. No statement of appellant was introduced in evidence at trial. There was only the victim's statement, incriminating appellant, and this was not offered in evidence at the trial.

Although appellant had counsel at the post-conviction hearing he did not raise the question of the inadequacy of representation by counsel on his former direct appeal to this Court. It can be argued that by failing to raise the question below appellant waived the right to raise this issue on appeal. *Commonwealth v. Adams,* 212 Pa. Superior Ct. 150, 239 A. 2d 851 (1968). Matters raised on prior petition cannot be

raised subsequently. *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967).

In this case however, on the former direct appeal, the requirements of *Commonwealth v. Baker,* supra, have now been substantially complied with. Appellant received a copy of counsel's brief on the appeal and has had ample time to raise any questions he desires in a brief pro se. We have the entire record before us. Appellant filed an extensive brief pro se. Considering appellant's pro se brief on this appeal from the post-conviction hearing as a brief pro se on direct appeal, *Commonwealth v. Hall,* 430 Pa. 163, 242 A. 2d 241 (1968), a careful review of the record in view of the points appellant raises here, or raised below, discloses no error of law or violation of constitutional rights requiring reversal.

The evidence was clearly sufficient to sustain the conviction. The twelve-year old victim and her brother testified against appellant. Appellant took the stand in his own behalf. The victim's mother, with whom appellant lived and by whom he had a child, testified for appellant, stating he always got along well with her children.

Appellant complains that a statement given to the police by the victim was entirely made up of whispered promptings and responses furnished by the mother. This statement was not introduced into evidence at the trial. The victim's own testimony established the charge of rape. Appellant says the District Attorney withheld evidence that Mrs. Ruth Davis, with whom appellant lived intimately, procured her daughter to bring false charges against him because of ill will in that he charged her with going with another man. This evidence, being incorporated in the interview with the Voluntary Defender's office, was available at trial. Apparently trial counsel chose not to use it. The evi-

dence does not meet the specifications of after-discovered evidence and affords no basis for a new trial.

On the post-conviction hearing appellant testified the District Attorney withheld evidence that Mrs. Ruth Davis wished to drop the rape charge against appellant. Whatever the relevancy of such testimony may have been, Mrs. Davis testified at trial that she did not wish to bring charges.

There is no basis for appellant's allegation that perjured testimony was used against him at trial. A medical report, made two days later and introduced at trial, was inconclusive. Nor does the record disclose any basis for appellant's allegation that evidence was used against him pursuant to an unlawful arrest. The evidence of the commission of the offense charged was conflicting; credibility was for the trial judge as the fact finder. The record discloses no trial errors, or violation of constitutional rights.

Order affirmed.