**UNITED STATES of America ex rel. Alexander C. ADAMS**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 3965.**

United States District Court
E. D. Pennsylvania.

Dec. 30, 1968.

## MEMORANDUM

TROUTMAN, District Judge.

This matter is before the Court on petition of a State prisoner for a writ of habeas corpus.

Relator contends that his conviction and sentence, resulting in his present incarceration, stem from the ineffective assistance of counsel rendered to him at the time of his trial in violation of the Sixth and Fourteenth Amendments to the Constitution. More specifically, in support of his claim that the assistance rendered by trial counsel was ineffective, he alleges the following:

1. Trial counsel was not appointed or assigned to represent him sufficiently in advance of trial to prepare the case in a reasonably thorough manner, nor did trial counsel confer with him before trial;

2. Trial counsel did not exercise that degree of skill and judgment required of a lawyer in the conduct of a case; and

3. Trial counsel failed to advise relator of his right to appeal.

Relator alleging the same constitutional violations pursued his post-conviction remedies through the State courts without success.[1] The Commonwealth was ordered to show cause why a writ of habeas corpus should not be granted by this Court and the Clerk of the Quarter Sessions Court was ordered to produce the record of the State Court proceedings

Alexander C. Adams, per se.

Arlen Specter, Dist. Atty., Philadelphia County, Philadelphia, Pa., for Alfred T. Rundle, Superintendent.

1. On two separate occasions relator has collaterally attacked his conviction and sentence in the State Courts by filing petitions under the Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. In each instance he made a general allegation of ineffective assistance of counsel, but only in the second petition did he allege that he was not advised of his right to appeal. In each instance the lower court conducted an evidentiary hearing and dismissed the petition on its merits. Only the dismissal of the second petition was appealed. On appeal the dismissal was affirmed, not on the merits of the petition as such, but on the ground that relator had waived his right to raise the issues of inadequate counsel in not appealing the dismissal of his first petition and right to appeal in not raising it in his first petition. Commonwealth v. Adams, 212 Pa.Super. 150, 239 A.2d 851 (1968). The State Supreme Court refused to review the case, denying allocatur on May 20, 1968.

It is certainly true that where an individual deliberately bypasses the orderly procedure of state courts he may have forfeited his right to raise certain constitutional errors in doing so. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, since the State Courts disposed of relator's contentions prior to the Third Circuit's decision in United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir. 1968), we will dispose of his contentions on the merits in the light of that case.

in this Court. After an examination of the State Court record, we have concluded that the merits of relator's contentions may be disposed of without the necessity of conducting an evidentiary hearing in this Court and without the necessity of appointing counsel. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), as codified at 28 U.S.C. § 2254; United States ex rel. Robinson v. Myers, 222 F.Supp. 845 (E.D.Pa.1963), aff'd 326 F.2d 972 (3rd Cir. 1964).

At the State post-conviction hearing relator's trial counsel, a voluntary defender, testified essentially as follows: On February 14, 1966, relator was interviewed by a voluntary defender, other than trial counsel. Notes were taken and made a part of the defense file: On February 24, 1966, relator was again interviewed by yet another voluntary defender, other than trial counsel. Notes were again taken and made a part of the defense file. On February 25, 1966, relator was arraigned, the voluntary defender formally entered his appearance on the record, and relator pled not guilty. The voluntary defender's office then initiated an investigation to look into an alibi supplied by relator in the course of the two prior interviews. The results of the investigation did not support relator's alibi. The case was listed for trial on March 8, 1966, trial counsel prepared the case, but it was continued for some unknown reason.

On April 25, 1968, relator was tried by a judge without a jury and convicted. Trial counsel further testified that he probably had not spoken to relator prior to the day of trial, or outside the courtroom on the day of trial, but that he had discussed with relator the advisability of entering a guilty plea. He testified, and the record so indicates, that at the conclusion of the trial he made oral motions in arrest of judgment and for a new trial to perfect relator's right to appeal. He also testified that although he could not specifically remember having advised relator of his right to appeal, it was the policy of the voluntary defender's office to do so. He had no reason to believe he had not followed that policy other than the fact that he could not specifically remember having done so, that relator said he had not done so, and that there was no notation to that effect on the file.

Relator also testified at the State post-conviction hearing. He testified that the only conversation he had with trial counsel on the date of his trial concerned his name and identification. He further testified that he was not advised of his right to appeal.[2]

The State Court held that relator had not been denied his right to representation by competent counsel and found as a fact that relator had been advised of his right to appeal.

It recently has been held that if late appointment of counsel is found to be inherently prejudicial to a defendant's rights, the defendant need only establish such late appointment to make out a prima facie case, thereby shifting the burden to the State to rebut the presumption of harm inherent in such late appointment. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir. 1968); Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967). In this case, the voluntary defender assigned to represent relator enjoys an excellant reputation in this Court and elsewhere. He testified that he felt adequately prepared to try the case. He had sufficient opportunity to prepare the case since he was assigned well before the actual trial date. Indeed, on the first listing of the case, which was more than a month before the actual trial date, he reviewed the file and prepared the case for trial.

2. Relator also testified at the State post-conviction hearing that he had retained private counsel to represent him. Any significance the retention of and lack of representation by private counsel may have was not pressed in the State Court and we see no reason to discuss it here. In any event, in the habeas corpus petition now before this Court relator admits that private counsel withdrew from the case because he had not been paid.

The issues involved in the trial of relator's case were not complex. The pivotal issue was one of identification: whether it was relator who had assaulted, battered and robbed the complaining witness who took the stand and so testified. Although trial counsel personally had not interviewed relator, he was able to refer to the notes his colleagues had taken at two prior interviews with relator. In addition, relator's alibi was investigated by the voluntary defender's office and the results of the investigation did not lend any credence to it. Viewing relator's case in this light, trial counsel testified that he recommended on the day of trial that relator enter a guilty plea.

■ Under all of these circumstances, relator has not made out a prima facie case of prejudice due to the late appointment of trial counsel since the voluntary defender was appointed by the State Court, and trial counsel was assigned by his office, sufficiently in advance of trial to prepare relator's case in a reasonably thorough manner. He had ample time within which to prepare the case and apparently he did so as is evidenced by his own testimony and the manner in which he tried the case.

Admittedly, the failure of counsel to consult or confer with relator prior to the day of trial may have deprived relator of the opportunity to develop that degree of confidence which any client should have in his attorney. Aside from the merits of any particular case, the degree of confidence a client has in his attorney may in large measure determine whether the client follows the recommendations of his attorney.

But this Court is especially sensitive to the problems of public defenders in disposing of the vast number of cases to which they have been court-appointed to represent indigent defendants. Although the courts have been placing greater emphasis on the right of each defendant to have effective representation, in recognition of the problems of public defenders the emphasis has been placed upon the time trial counsel has to prepare the case rather than upon the amount of personal contact between trial counsel and the defendant. United States ex rel. Mathis v. Rundle, supra; United States ex rel. Huntt v. Russell, 285 F.Supp. 765 (E.D. Pa.1968); United States ex rel. Williams v. Brierly, 291 F.Supp. 912 (E.D.Pa. October 4, 1968); United States ex rel. Kimbrough v. Rundle, 293 F.Supp. 839 (E.D.Pa. November 29, 1968).

■ As to the manner in which the trial was conducted, to the extent it is not considered a consequence of inadequate preparation by virtue of late appointment, due process requires that a conviction be set aside only where the services of counsel are of such a caliber as to amount to a farce or mockery of justice. United States ex rel. Crosby v. Rundle, 275 F.Supp. 707 (E.D.Pa.1967), rev'd on other grounds, 404 F.2d 790 (3rd Cir. December 9, 1968). We conclude, after reviewing the transcript of the trial, that trial counsel exercised the degree of skill and judgment required of a lawyer in the conduct of a case.

■ As to whether relator intelligently waived his right to appeal, due process requires that he be aware of that right before he can intelligently waive it. United States ex rel. Duncan v. Brierley, 277 F.Supp. 751 (E.D.Pa.1967). As to whether relator was advised of his right to appeal, the State Court record of the post-conviction hearing permits of either conclusion. The State Court having found as a fact that relator was so advised and no reason being given by relator why he did not appeal other than that he was unaware that he had a right to do so, due process has been satisfied.

Accordingly, relator's petition for a writ of habeas corpus will be denied. There is no probable cause for an appeal.