**UNITED STATES of America ex rel. William C. MILLER, Petitioner,**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, Respondent.**

No. 785.

United States District Court
M. D. Pennsylvania.
Aug. 10, 1966.

858

William C. Miller, pro se.
No appearance for respondent.

## MEMORANDUM

FOLLMER, District Judge.

William C. Miller, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, has submitted a request for leave to file, in forma pauperis, a document entitled "Petition For Allowance to File and Prosecute Petition For Writ of Habeas Corpus."

On April 29, 1966, the petitioner filed a petition under the Pennsylvania Post Conviction Hearing Act in the Court of Common Pleas of Beaver County, Pennsylvania. As of July 29, 1966, the petition had not been disposed of. The petitioner also feels that the said Post Conviction Hearing Act is unconstitutional because it suspended habeas corpus. For these reasons, petitioner claims that his remedy in the State courts is inadequate and ineffective to protect his rights and that he has exhausted his State remedies under 28 U.S.C. § 2254.

 This Court dealt with the constitutionality of Pennsylvania's Post Conviction Hearing Act in Moss v. Commonwealth of Pennsylvania, et al., 257 F. Supp. 643 (M.D.Pa., Decided April 15, 1966), following the case of United States ex rel. Wakeley v. Commonwealth, 257 F.Supp. 644 (W.D.Pa., Decided March 31, 1966), wherein it was stated by Judge Sorg:

> "Petitioner does not * * * set forth sufficient facts to show an injury or threat to any of his rights. Moreover, it is clear that the Act under attack does not abrogate the remedy of habeas corpus as alleged, but rather encompasses such relief and merely establishes a defined procedure. The remedy remains. The petition, therefore, does not present a substantial claim of unconstitutionality * * *."

This disposes Miller's claim of unconstitutionality.

 The facts which are presented do not support any claim of denial of due process of law by inordinate delay in the adjudication of his post-conviction rem-

edy such as to entitle Miller to invoke federal habeas corpus to test the legality of his State custody. And, of course, there is no basis in law for the removal of proceedings from the Court of Common Pleas of Beaver County to the United States District Court. See United States ex rel. Hamilton v. Maroney, 355 F.2d 441 (3d Cir., 1966).

■ Under the well recognized principles of comity, as contained in 28 U.S.C. § 2254, the federal courts will not interfere with the procedures the State Courts have devised to correct possible violations of constitutional rights. Petitioner has not exhausted his available State remedies, nor has he shown the existence of circumstances rendering such remedies ineffective.

■ Accordingly the "Petition" will be dismissed and leave to proceed in forma pauperis will be denied.