## Commonwealth v. Hammond, Appellant.

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Blake E. Martin*, Public Defender, for appellant.

*Jay L. Benedict*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 12, 1968:

This is an appeal by Herbert Clair Hammond, defendant-appellant, from the order of the Court of Oyer and Terminer of Franklin County denying appellant's petition for relief under the Post Conviction Hearing Act.

In 1960, appellant entered pleas of guilty in the Court of Oyer and Terminer of Franklin County to two charges, each containing one count of burglary and one of larceny. He received a sentence of 2 to 5 years on the first and 1 to 5 years on the second, the sentences to run consecutively.

In 1964, he filed a pro se habeas corpus petition alleging that he was not informed of his right to counsel. The petition was dismissed and no appeal was taken from that dismissal. Appellant subsequently filed, in 1966, a petition under the Post Conviction Hearing Act alleging that he was not represented by counsel. The court below denied relief even though it found "that petitioner was not represented by counsel at the time he waived presentment and entered pleas of guilty, and there was no evidence that he was advised of such right and intelligently waived it,"* concluding that the failure to appeal the denial of relief in his prior habeas action constituted a waiver of his right to litigate that same claim under the Act. This reasoning is directly refuted by the relatively recent case of *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967), where the court specifically rejected a similar claim by the Commonwealth, stating: "[W]e should be loath to impose §4's waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available."

---

* Unreported Opinion and Order of the Court of Oyer and Terminer of Franklin County entered January 23, 1968 at Nos. 1 and 2, February Term, 1961.

Since appellant cannot be held to have waived his right to litigate that contention and, since the burden of proving a substantive waiver of that right is on the Commonwealth, *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968), and was obviously not met, we have no recourse but to grant a new trial.

Reversed and remanded for a new trial.