## Commonwealth *v.* White, Appellant.

Submitted November 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

110

*Elizabeth Langford Green* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 15, 1969:
Order affirmed by an equally divided Court.

OPINION BY MR. JUSTICE COHEN IN SUPPORT OF AFFIRMANCE:

*Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968), and *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. ed. 2d 493 (1967), are not authority for the position taken by Justice O'BRIEN. In both of these cases the issue came before the court upon direct appeal. Since the instant appeal relates to a post-conviction hearing, it is my opinion that we are not bound by the determination in *Baker* and *Anders.*

Mr. Chief Justice BELL and Mr. Justice JONES join in this opinion.

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

Appellant is appealing from the denial, after hearing, of his petition for relief under the Post Conviction Hearing Act. He had been convicted of second degree murder, after a plea of guilty to murder generally, in December of 1965. After being sentenced to five to twenty years' imprisonment, he made no post-trial motions, and took no appeal. He filed a post-conviction petition in June of 1966, which petition was dismissed and no appeal taken.[1] He filed his present petition

---

[1] For the record it should be noted that appellant was not repsented by counsel on his first petition, and thus under no circum-

on March 4, 1968, alleging, among other things, that his guilty plea was an unknowing one. The Voluntary Defender was appointed to represent him. After a hearing at which appellant and his trial counsel both testified, his petition was dismissed. This appeal followed.

The Voluntary Defender, in his brief, stated the question involved as follows: "Does the record present any issues that counsel for appellant can reasonably argue to the court with any hope of securing relief for appellant?" After outlining what the case is about, the brief concludes: "For the above reasons, counsel for appellant feels unable to offer any argument in appellant's behalf on which relief could possibly be secured in this court. Thus appointed counsel respectfully requests permission to withdraw from representation of appellant in this case. A copy of the brief has been served on appellant with instruction that he write to this court, indicating any further issues he feels might be raised in his behalf."

Despite the fact that appellant has not had the benefit of an advocate on his appeal, the Court nonetheless affirms his conviction. Such action is absolutely irreconcilable with the recent decision of this Court in *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968) and that of the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). In *Baker*, as here, the Public Defender stated

stances could it act as a waiver under Section 4(c) of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180.4. *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968). However, even if appellant had been represented by counsel in the prior proceeding, we could not at this time properly affirm the denial of relief on the basis of waiver. The waiver of Section 4(c) is only a rebuttable presumption, and without the benefit of an advocate on his appeal, as will be developed below, appellant is deprived of any opportunity to rebut that presumption.

in the brief that no meritorious argument could be made in support of the motions for a new trial or in arrest of judgment. We held that such a brief could not be considered an advocate's brief under the standards of *Anders* and in effect was a denial of Baker's constitutional right to the assistance of counsel in prosecuting his appeal. Our only alternative was to treat the brief as a request to withdraw as counsel. Appointed counsel who finds his client's case to be wholly frivolous is permitted, under *Anders*, to withdraw his services if he (1) requests permission of the court, (2) accompanies his request with a brief referring to anything in the record that might arguably support the appeal, and (3) furnishes a copy of his brief to the indigent, allowing him time to raise himself any points that he chooses. We found that the third requirement was not met in *Baker*, for the record was totally devoid of any evidence that the Superior Court had given Baker permission to file his own appeal.

The Public Defender has striven here to comport with the requirements of *Baker* and *Anders*. He forthrightly asks to withdraw, he sets forth the arguable issues, and he indicates that a copy of his brief has been served on appellant. This Court, however, proposes to ignore those cases. The record does not reveal when counsel's brief was given to appellant.[2] Under the circumstances, we cannot say that he has had an opportunity to file a brief *pro se*. I would allow the Public Defender to withdraw and would continue the case so that appellant may have his constitutionally guaranteed day in court.

Mr. Justice EAGEN and Mr. Justice ROBERTS join in this dissenting opinion.

---

[2] In this regard it should be pointed out that the opinion of the court below was not filed until October 24, 1968, and this case was submitted on briefs on November 11, 1968.