Commonwealth *v.* Taylor, Appellant.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Victor E. Taylor,* petitioner, in propria persona.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, February 26, 1969:

Petitioner's petition for post-conviction relief was dismissed without hearing. On appeal, the Superior Court remanded the matter for the appointment of

counsel and for an evidentiary hearing. Counsel was appointed, the hearing was held, and relief was denied. The Superior Court affirmed, and we are now faced with petitioner's *pro se* petition for allocatur. In *Commonwealth v. Hickox*, 433 Pa. 144, 249 A. 2d 777 (1969) in response to a *pro se* petition for allocatur, we directed that counsel appointed for petitioner proceed in accordance with the provisions of Rule 318(c) of the Pennsylvania Rules of Criminal Procedure. That Rule, which pre-dated the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq., is applicable only to direct appeals. We hold that §12 of the Post Conviction Hearing Act, 19 P.S. §1180-12, requiring the appointment of counsel under certain circumstances, places an obligation on counsel so appointed to represent a petitioner throughout the Post Conviction Hearing proceedings. We conclude that petitioner's right to counsel in a Post Conviction Hearing matter is just as broad as a defendant's right to counsel on direct appeal.

Petitioner's counsel appointed in connection with his appeal to the Superior Court from the dismissal of his Post Conviction Hearing Act petition is directed to proceed in accordance with the views expressed herein.