## Commonwealth v. Williams, Appellant.

Submitted April 14, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*George H. Ross,* for appellant.

*Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 12, 1969:

Petitioner was indicted on two separate charges of armed robbery—one committed at Forest Hills and the other at Harmarsville. On April 11, 1963, he pleaded guilty to both indictments and was sentenced to four to eight years on the Forest Hills crime; sentence was suspended on the Harmarsville robbery.

At the time of sentencing, petitioner was on parole from a previously imposed aggregate sentence of five to ten years which was not to be completed until August 3, 1966. He was therefore returned to the State Correctional Institution to serve the balance of that previous sentence.

In December, 1964, he presented a petition for writ of habeas corpus complaining of the inadequacy of counsel; that petition was dismissed without a hearing.

In May, 1965, with benefit of counsel, he presented another petition for writ of habeas corpus, contending his constitutional rights were violated in that (1) he was refused counsel at the police interrogation; and (2) that he was not adequately represented by counsel

at the trial. The lower court, after hearing, dismissed the petition, and this court, on appeal, affirmed the dismissal. Petitioner then petitioned the Supreme Court of Pennsylvania for allowance of appeal, which Petition was denied. He was represented by counsel throughout those proceedings.

On June 3, 1968, Petitioner filed his third Petition. This time he filed a Petition under the Post Conviction Hearing Act alleging and relying on a denial of his right to take and perfect a direct appeal from his conviction. He claimed his trial counsel was ineffective for not advising him of such right of appeal. A hearing was held on that Petition, after which the lower court entered an order dismissing the Petition, setting forth its reasons for the dismissal in an Opinion in which it stated that though there was no doubt that Petitioner had not been advised of his right of appeal, there was no showing that he had any basis for such appeal. The lower court determined that the sentence was lawful and the guilty plea had been voluntarily and intelligently made with representation of counsel, and therefore the allowance of a motion for a new trial nunc pro tunc would be useless and unnecessary.

After our independent study of the case, we affirm the lower court's denial of the Petition on the reasoning that under the facts of this case, Petitioner waived his right to now allege denial of right of appeal by having filed two previous Petitions for collateral relief, and having had the benefit of counsel on the most recent one all the way to the Supreme Court of Pennsylvania, without making any mention of that issue in previous Petitions and not making any explanation for such failure to earlier assert the new contention. In *Commonwealth v. Adams*, 212 Pa. Superior Ct. 150, we had occasion to interpret Section 4 of the Post Conviction Hearing Act to a fact situation similar to that now before us, and we stated as follows:

"Appellant also alleges in his second petition that he was not informed of his right to assistance of counsel on appeal. It is our opinion that he has waived the right to raise this issue under §§4(b) (1) and 4(c).

"Section 4(b) provides that an issue is waived if: '(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.'

"The Pennsylvania Supreme Court in Commonwealth v. Snyder, 427 Pa. 83, 233 A. 2d 530 (1967), specifically adopted the federal standard of waiver for the opportunity to raise alleged constitutional trial errors as defined in the United States Supreme Court decisions of *Fay v. Noia*, 372 U.S. 391 (1963), and *Henry v. Mississippi*, 379 U.S. 443 (1965). The *Snyder* case states that the standard applies with regard to direct appeals as well as to §4 of the Post Conviction Hearing Act.

"Thus, the *Snyder* case imports that if counsel does not raise or argue certain issues, in some instances, the petitioner himself has, presumptively, knowingly and intelligently waived them. The case at bar exemplifies one such circumstance. The appellant was represented by counsel at his 1966 hearing. Accordingly, counsel could have raised any alleged constitutional errors as to appellant's rights under *Douglas v. California*, 372 U.S. 353 (1963). Furthermore, appellant does not present any evidence in the instant petition to rebut the presumption of §4(c), nor any extraordinary circumstance which precluded him from asserting the allegation in his first petition. We find, therefore, that appellant has waived his right to now allege that he was not informed of his right to assistance of counsel on appeal."

Our determination in that case governs in this one as well, and we hold therefore the issue of denial of appeal and the several issues raised for the first time in Petitioner's brief (though not alleged in the petition) are to be deemed waived. As we said in *Commonwealth v. Adams, supra:* "It is true that our courts have stated that the doctrine of res judicata is inapplicable to habeas corpus proceedings. Commonwealth ex rel. Bordner v. Russell, 422 Pa. 365, 221 A. 2d 177 (1966). Thus, a petitioner could file numerous repetitive petitions and the court would have to determine whether the writ should issue in each case. To avoid this problem and yet accord substantial justice, our Courts devised a concept which amounted to a qualified res judicata. Accordingly, it became settled '. . . that absent unusual circumstances or intervening change of law, a court may refuse to entertain a contention which has been fully considered on a prior petition for collateral relief.' Commonwealth ex rel. Bordner v. Russell, supra at 369-370. The present Act has codified this finality of litigation concept. It envisions a simplified, expedient, and comprehensive method of handling habeas corpus petitions as well as a means of discouraging repetitious petitions. It specially provides that a petitioner should be given an adequate opportunity, with counsel, to vindicate any alleged constitutional trial errors. See Commonwealth v. Kizer, 428 Pa. 99, 236 A. 2d 515 (1967). If extraordinary circumstances later arise, the Act allows the petitioner to again ask for post-conviction relief. Absent such circumstances, however, the Act provides for only one petition in which the petitioner must allege all errors that may have prejudiced him."

Order affirmed.