Commonwealth *v.* Stancell, Petitioner.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Mervyn R. Turk,* Assistant Public Defender, for petitioner.

*Ralph B. D'Iorio* and *Anna Iwachiw Vadino,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 16, 1969:

Petitioner's PCHA petition was denied after hearing, and he appealed to the Superior Court which affirmed per curiam. A petition for allocatur followed.

The entire petition reads as follows: "1. On November 1, 1968, . . . the Superior Court of Pennsylvania filed a Per Curiam Order affirming the action of the Lower Court.

"2. The Superior Court failed to consider all the facts presented on behalf of the petitioner in rendering its decision. The Superior Court failed to properly apply the law to the facts that were established.

"Notice of this petition has been served on the District Attorney of Delaware County."

The petition is typed, and is signed by the prisoner. The only indication that appointed counsel existed is the fact that the backer has the Public Defender's name on it. This Court requires counsel to prepare allocatur petitions, see *Commonwealth v. Hickox,* 433 Pa. 144, 249 A. 2d 777 (1969). Merely attaching a backer to a petition prepared by the prisoner, and submitting it to this Court, cannot be considered "representation" by counsel, cf. *Commonwealth v. Villano,* 435 Pa. 273, 256 A. 2d 468 (1969) (xeroxing prisoner's petition is inadequate). The Supreme Court of the United States, in a case considering whether an indigent had adequate representation on appeal, set out the standard which must guide us: "[R]epresentation in the role of an advocate is required." *Ellis v. United States,* 356 U.S. 674, 675, 78 S. Ct. 974, 975 (1958). By merely attaching a backer, the Public Defender does not fulfill this role.

The record is remanded to the hearing court so that counsel can file a proper petition for allocatur.