## OPINION

Jeffrey John **GOODROW**, C-9394, Petitioner,

v.

**ELK COUNTY COURT OF COMMON PLEAS RIDGWAY, PENNSYLVANIA** 15853, Respondent.

Civ. A. No. 69-1242.

United States District Court
W. D. Pennsylvania.

Jan. 5, 1970.

GOURLEY, Senior District Judge.

This is a Petition for Writ of Habeas Corpus submitted by an inmate of a State penal institution located at Camp Hill, Pennsylvania. The Petition is filed in this District for the reason that petitioner was convicted and sentenced by a State Court located herein.

Petitioner was separately indicted in the Court of Common Pleas of Elk County, Pennsylvania, upon eleven charges, including prison breach, burglary, larceny and receiving a stolen motor vehicle.[1] Petitioner pleaded guilty to all of said charges, and, on May 26, 1969, judgment of sentence of five to ten years imprisonment was imposed for the offense of prison breach.[2] Sentences for lesser periods of imprisonment were imposed for the remaining offenses, all to

---

1. Nos. 77, 42, 66, 67, 68, 70, 71, 72, 73, 74 and 75 of 1969

2. No. 77 of 1969

run concurrently with the sentence for prison breach.

While petitioner states that an appeal was taken, it appears from the petition that petitioner sought post-conviction act of pursuing unexhausted state remedies which are no longer available to him at the time when he seeks relief in the federal district court. Fay v. Noia, 372 U.S. 391, 398–399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962). The allegations contained in the instant Petition indicate that the period within which petitioner was required by Pennsylvania statute [3] to appeal from the denial of his Post-Conviction Petition elapsed two months ago. Nevertheless, I believe that this fact alone falls short of being a conclusive indication that the remedy of appeal from the denial of petitioner's Post-Conviction Petition is no longer available to petitioner in the Pennsylvania Courts.

In so finding, I reply upon the recent decisional law of the Commonwealth of Pennsylvania interpreting the Pennsylvania Post-Conviction Hearing Act of 1966. While the filing of a criminal appeal beyond the prescribed period is generally impermissible in Pennsylvania, a limited but clear exception has been enunciated in the case Comm. ex rel. Scoleri v. Myers, 423 Pa. 558, 225 A.2d 540 (1967) wherein it was stated at 561, 225 A.2d at 542:

"But if he did not intentionally abandon his right to appeal, or if an intelligent and understanding waiver of his right to the assistance of counsel for this purpose were not effected, he cannot now be precluded from asserting these rights, even though the statutorily prescribed period for filing an appeal has run."

There are ample indications that the above-stated rule would be found by Pennsylvania Courts to be applicable to a State prisoner's nunc pro tunc appeal from his first Post-Conviction proceeding as well as to his belated direct appeals. The Supreme Court of Pennsylvania has acknowledged in the case of Commonwealth v. Taylor, 433 Pa. 334, 250 A.2d 487 (1969) that a State prisoner's right to counsel upon appeal from a Post-Conviction Hearing Act proceeding is equally as broad as a defendant's right to counsel on direct appeal.

Concerning a State prisoner's filing of a Post-Conviction Petition after failing to appeal from the denial of a former habeas corpus proceeding, the Supreme Court of Pennsylvania has stated:

"(W)e should be loath to impose section 4's (19 P.S. § 1180–4) waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available." (Parentheticals supplied.) Commonwealth v. Kizer, 428 Pa. 99, 102, 236 A.2d 515, 516 (1967), quoted and followed in Commonwealth v. Hammond, 213 Pa. Super. 190, 245 A.2d 654 (1968).

In this regard, it is also appropriate to note that the Courts of Pennsylvania are committed to the application of the same stringent standards of waiver as are applied by the federal courts. See Commonwealth v. Williams, 214 Pa.Super. 418, 257 A.2d 602 (1969) and Commonwealth v. Snyder, 427 Pa. 83, 233 A.2d 530 (1967).

If I were to find that petitioner in the instant case had exhausted his state remedies by virtue of the expiration of Pennsylvania's statutory period for appeal from petitioner's State Post-Conviction proceeding, petitioner would nevertheless have to confront in this Court the issue of whether he knowingly bypassed his state remedies by failing to appeal to the Pennsylvania appellate courts from the denial of his State post-conviction petition. From the previously discussed Pennsylvania decisional law, I conclude that whatever evidence petitioner might proffer in this Court in order to prevail over the contention that he knowingly bypassed his state remedies would be equally compelling in the Courts of Pennsylvania as a justification for the allowance

3.  19 P.S. § 1180–11.

of a nunc pro tunc appeal from the denial of his Post-Conviction Petition.

State remedies are not exhausted. An appropriate Order is entered.

## ORDER

Now, this 5th day of January, 1970, the Petition for Writ of Habeas Corpus is denied for the reason that state remedies have not been exhausted.