Commonwealth *v.* Haywood, Petitioner.

Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*William C. Porter,* for appellant.

*Richard DiSalle,* First Assistant District Attorney, and *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, January 27, 1970:

Petitioner filed a *pro se* petition for allocatur in which he seeks review of the order of the Superior Court affirming denial of his claimed PCHA rights. The petition cites no reasons in support of this request for allocatur. Petitioner's appointed counsel has filed a "supplementary petition for allocatur" in which he seeks the allowance of an appeal for "those reasons and grounds set out by the appellant in his petition for allowance of an appeal." Such a petition utterly fails

to comport with our requirement of "representation in the role of an advocate." *Commonwealth v. Stancell,* 435 Pa. 301, 256 A. 2d 798 (1969). See also Supreme Court Rule 69 (petitions for allowance of an appeal must set forth particularly the questions involved and the reasons supporting the grant of the petition). We note that petitioner's counsel in the Superior Court had informed petitioner by letter that in his opinion an appeal to the Supreme Court would be unavailing. To the extent that this letter may have been an attempt by counsel to withdraw, it failed to comply with the standards for withdrawal set forth in *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968). See *Commonwealth v. Taylor,* 433 Pa. 334, 250 A. 2d 487 (1969). This case is remanded to the hearing court with directions that counsel file a proper allocatur petition or a proper petition to withdraw.