Commonwealth *v.* Sparks, Appellant.

Submitted November 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard Marvin* and *Melvin Dildine,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee,

Opinion by Mr. Justice Cohen, March 20, 1970:

This is an appeal from an order dismissing a Post Conviction Hearing Act petition. Lewis Sparks, appellant, pleaded guilty to murder generally on January 6, 1966 and, after a hearing, was adjudicated guilty of voluntary manslaughter and sentenced to a term of imprisonment of 18 months to five years. From this judgment of sentence no appeal was taken.

In November, 1968, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1969), and a hearing was held on March 28, 1969. The issues raised by appellant at that hearing were (a) unlawful inducement of the guilty plea through an unfulfilled promise of probation, (b) denial of the constitutional right to representation by competent counsel, and (c) denial of the right to appeal.

Following the denial of that petition, Sparks, through his appointed counsel, filed the instant appeal. Appellant's counsel, however, state "[w]hile Lewis Sparks was not advised of the right to direct appeal, his valid guilty plea to murder generally and the court's finding him guilty of voluntary manslaughter leaves him utterly without any appellate issue. . . . For the above reasons, counsel, appointed to represent Lewis Sparks, alleges that they are unable to argue or raise any issues which would entitle appellant to relief and therefore request permission to withdraw from his representation. A copy of this brief has been served on appellant with instructions that any additional reasons in support of his appeal may be submitted to the Supreme Court."

In light of this, it is necessary for this Court to follow the procedure prescribed by the United States Supreme Court in *Anders v. California*, 386 U.S. 738

(1967).[1]   See also, *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).   The *Anders* opinion states, 386 U.S. at 744: ". . . if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.   That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.   A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.   If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.   On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Counsel state that they have examined the record and can find no issues to raise on behalf of appellant.   They have fulfilled their part of the *Ander's* requirements by requesting permission to withdraw, furnishing a copy of their brief to appellant and advising him of his right to raise pro se any issues he feels are relevant.   It is necessary for this Court to examine all the proceedings fully and determine whether the appeal is wholly frivolous.

The factual background of this action is as follows. On October 28, 1964, John Felder died as a result of

---

[1] We need not reach the issues raised by *Commonwealth v. White,* 433 Pa. 109, 249 A. 2d 349 (1969) because this PCHA proceeding is, in effect, the first appeal from the judgment of sentence. *Anders* specifically was concerned with the first appeal from a criminal conviction, and it does not matter whether the appeal is a direct or collateral attack on the judgment of sentence.

a gunshot wound inflicted the night before in the 2500 block of Corlies Street in North Philadelphia. The decedent, a member of the Little Tenderloin Gang, was one of six men who, on October 27, 1964, went to appellant's home for the purpose of beating him. Being unsuccessful in their efforts to drag appellant from his home, they broke all the windows in his house. "To scare them away" Sparks chased the men with a gun firing "just once"—"without intending to hit anyone." Following the shooting Sparks surrendered to the police.

After the entry of the plea on January 6, 1965, a detective read, with defense counsel's agreement, the summarized statements of five Commonwealth witnesses who identified Sparks as being near the scene of the shooting with at least one of the witnesses stating that he saw Sparks shoot the decedent. All but one of the Commonwealth witnesses admitted their presence at Sparks' home prior to the shooting for the purpose of beating him.

The record developed at the PCHA hearing makes it clear that appellant was never informed of his right to appeal. Before any relief may be granted, however, it is necessary to determine whether the guilty plea was unlawfully induced for if it was not, appellant has no issues cognizable on appeal. At the hearing Sparks testified that his counsel, Needleman, at the time of the plea, had not told him of his absolute right to a jury trial, of the burden placed on the Commonwealth in every criminal prosecution or of the maximum sentence he might receive. He also stated that while he had asserted his innocence from the time of his arrest, he pleaded guilty because Needleman told him that was the only way by which he would be able to go home.

Needleman testified that he had had three conferences with Sparks at the institution prior to the entry of the plea and had had conferences with Sparks, his

mother and at least one of his sisters in City Hall. He testified that he told appellant that he would not permit appellant to plead guilty unless he admitted his involvement in the crime and that he told appellant of the presumption of innocence and of his right to a jury trial. He further testified that he told Sparks of the prosecution's agreement not to ask for more than a two year minimum, and he denied that he had even mentioned to appellant the possibility of a probationary sentence.

The lower court found that "Sparks' guilty plea was not improperly induced or coerced but was based on (1) Sparks' own personal knowledge of incriminating eyewitness testimony which had been presented at the preliminary hearing; (2) his trial counsel's evaluation of the strength of the Commonwealth's case, and (3) a fully explained agreement that the Assistant District Attorney would recommend a minimum sentence of 2 years." As the testimony of Sparks and Needleman was in direct conflict in many matters, an issue of credibility is presented, but normally that is a question for the lower court to resolve, and we find no meritorious issue as to it. The record adequately supports the finding that the guilty plea was entered knowingly and voluntarily.

Although appellant's counsel state they informed Sparks that he might submit pro se additional reasons in support of his appeal, this Court has received no such brief. The record does include a brief prepared by Sparks and submitted to the court below in support of his PCHA petition. In it, however, he only deals with the question of the denial of his right to appeal, an issue upon which we have already passed.

After a thorough review of the whole record, we find that the guilty plea was not unlawfully induced and that therefore no issue exists which appellant might raise on appeal. The request of counsel to be permitted

to withdraw is granted, and as appellant has not raised any legal points which are arguable on their merits, the order of the court below is affirmed.