**UNITED STATES of America ex rel. Ernest CUNNINGHAM**

**v.**

**A. T. RUNDLE, Superintendent.**
**Civ. A. No. 70-1585.**

United States District Court,
E. D. Pennsylvania.
June 24, 1970.

OPINION

LUONGO, District Judge.

Ernest Cunningham, a state prisoner, was convicted on charges of larceny and aggravated robbery (Bill Nos. 1287, 1289, April Sessions 1963, Court of Quarter Sessions, Philadelphia). No appeal was taken from that conviction. In 1967 Cunningham filed a petition under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1, et seq., alleging that he was denied the right to appeal his convictions because he was not advised of his right to appeal. The state court appointed counsel to represent Cunningham in the PCHA proceedings. On February 14, 1968, the Honorable Bernard J. Kelley granted him leave to file post trial motions *nunc pro tunc*.

On August 27, 1968, the Honorable Joseph Gold ordered a new trial on the larceny bill, No. 1287, and denied the motions on the aggravated robbery bill, No. 1289. There was no appeal taken from Judge Gold's order denying the motions for new trial on Bill No. 1289.[1]

In the habeas corpus petition filed in this court, Cunningham asserts that because of court appointed counsel's failure to communicate with him, he is under the impression that Judge Gold has not as yet handed down a final and appealable order, and he requests that this court take jurisdiction because of the "inordinate delay" in disposing of his petition in the state courts.

It is clear that whatever injury relator has suffered in this matter is the result of the alleged ineffective assistance of counsel, and not the result of any attempt by the state courts or other state officials to delay his application.

Relator has never properly presented to the state court for its consideration the claim that court appointed counsel failed to discharge his duty to prosecute the PCHA petition to conclusion. There are adequate available state remedies for obtaining an order permitting an appeal *nunc pro tunc* from the adverse PCHA ruling if relator can demonstrate to the state court that the failure to appeal was due to the fault of counsel. See Commonwealth v. Haywood, 436 Pa. 522, 261 A.2d 78 (1970), citing Commonwealth v. Baker, 429 Pa. 209, 239 A.2d 201 (1969).

This petition will, therefore, be dismissed, without prejudice, for failure to exhaust available state remedies.

ORDER

It is ordered that the Petition of Ernest Cunningham for Writ of Habeas Corpus is dismissed, without prejudice, for failure to exhaust state remedies.

There is no probable cause for appeal from this Order.

---

1. Upon motion of the Commonwealth, Bill No. 1287 was nol prossed on March 20, 1970.