## Commonwealth *v.* Covington, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Mary Bell Hammerman,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

This is an appeal from the denial, after a hearing, of appellant's second Post Conviction Hearing Act petition. Appellant's court-appointed counsel submitted a two paragraph brief, which reads as follows:

"HISTORY OF THE CASE: Appellant was convicted of charges of armed robbery by the Honorable Vincent A. CARROLL after a plea of guilty and received a sentence of 20 to 40 years. Appellant filed a post-conviction petition which was denied by the Honorable Maurice SPORKIN in July, 1967. Appellant thereafter filed a second petition and from the denial thereof has taken the instant appeal.

"ARGUMENT: Present counsel has researched the proceedings above referred to and is of the opinion that there is no merit to the contentions advanced by appellant. She has so informed him as evidenced by a

letter, a copy of which is annexed hereto and made part hereof."

For the reasons set forth in *Commonwealth v. Hurst,* 218 Pa. Superior Ct. 239, 276 A. 2d 311 (1971), we believe that appellant has been denied effective assistance of counsel on appeal under the rules set out in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), *rehearing denied,* 388 U.S. 924, 87 S. Ct. 2094 (1967), as applied to Pennsylvania in *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968) (ROBERTS, J.). Furthermore, an attorney may not comply with the requirements of *Anders* and *Baker* merely by sending a letter to an appellant stating that counsel sees no merit in the appeal. See, *Commonwealth v. Haywood,* 436 Pa. 522, 261 A. 2d 78 (1970).

The only additional question presented in the instant case is whether *Anders* and *Baker* are applicable. Both of these cases dealt with effective assistance of counsel on direct appeal from judgment of sentence. The instant appeal, however, concerns the denial of appellant's second PCHA petition; and there is some question as to the applicability of *Anders* and *Baker.* In *Commonwealth v. White,* 433 Pa. 109, 249 A. 2d 349 (1969), an equally divided Court affirmed the dismissal of a second PCHA petition, without requiring that counsel comply with all of the *Anders* and *Baker* requirements. Later our Supreme Court held that *Anders* and *Baker* apply to any first appeal, whether direct or collateral; but specifically did not reach the issue raised by *Commonwealth v. White,* supra, concerning second appeals or PCHA petitions. *Commonwealth v. Sparks,* 438 Pa. 77, 80 n. 1, 263 A. 2d 414, 415 n. 1 (1970). It is thus unclear as to what procedure counsel must follow if he determines that an appeal from the denial of a second PCHA petition has no merit.

In his dissenting opinion in *White,* Mr. Justice O'BRIEN persuasively argues that the logic of *Anders*

and *Baker* applies equally to direct appeals from the collateral attacks on a judgment of sentence. 433 Pa. 109, 110-112, 249 A. 2d 349, 349-350. We agree with this position. Whenever counsel is appointed to represent an appellant,[1] if the attorney determines that the case has no merit, he must be required to follow the procedures outlined in *Anders* and *Baker*. Only then may appellate courts assure that "the constitutional requirement of substantial equality and fair process" is being met. *Anders v. California,* supra at 744, 87 S. Ct. at 1400.

Since we believe that present counsel did not comply with *Anders* and *Baker,* the record is remanded to the court below with directions to require counsel to follow the correct procedures and thus assure appellant effective representation by counsel.

---

[1] It is not necessary to decide here whether the Court was constitutionally required to appoint counsel in the instant case. An attorney was in fact appointed to prosecute appellant's appeal.