Commonwealth *v.* Hurst, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Mary Bell Hammerman,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

This case involves an appeal from the denial of appellant's Post Conviction Hearing Act petition. Appellant's court-appointed counsel has submitted a two paragraph brief, which reads as follows:

"HISTORY OF THE CASE: Appellant was convicted on a charge of burglary, larceny and receiving stolen goods, and sentenced by the Honorable Joseph SLOANE without a jury. Appellant filed a post-conviction petition which was heard by Judge Ethan Allen DOTY and denied on May 21, 1970. Present counsel was appointed to prosecute this appeal.

"ARGUMENT: Present counsel has researched the proceedings above referred to and is of the opinion that there is no merit to the contentions advanced by appellant. Attached hereto is a copy of the opinion of Judge DOTY which sets forth the claims of appellant and the basis for disposition thereof."

It is our opinion that appellant has been denied effective assistance of counsel on appeal under the rules set out in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), *rehearing denied,* 388 U.S. 924, 87 S. Ct. 2094 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968) (ROBERTS, J.).

In *Anders* the Supreme Court of the United States enunciated the standards to be applied when court-appointed counsel believes a case has no merit. In such an instance, the attorney is given a choice. He may always file briefs and argue the case. However, "such representation must be in the role of an advocate . . . rather than as *amicus curiae.*" 386 U.S. at 741, 87 S. Ct. at 1398-1399 (citation omitted). Or, "if counsel

finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S. Ct. at 1400.

In *Baker*, Mr. Justice ROBERTS, speaking for an unanimous Court, first applied *Anders* to Pennsylvania. *Baker* is similar to the instant case in that here, as in *Baker*, "appellant's counsel never formally requested permission to withdraw from the case." 429 Pa. at 212, 239 A. 2d at 202. The case at bar, however, is even stronger than *Baker*. In this case, appellant's attorney merely stated the conclusion that the case has no merit and referred to the trial court's opinion as support for this assertion. In *Baker*, counsel at least gave a sketchy summary of the issues which appellant could raise. Counsel in the instant case made no attempt to act as an advocate on behalf of appellant. "It should be readily apparent that to call this an advocate's brief would be to make a travesty of the appellate process." 429 at 213, 239 A. 2d at 203.

The second *Anders* choice is thus the only one left as the "means whereby the present procedure can be considered constitutionally adequate, i.e., were counsel's actions . . . sufficient to constitute a valid *Anders withdrawal* by counsel." Id. at 213-14, 239 A. 2d at 203. It seems clear that appellant's attorney has made no motion for leave to withdraw. But, even if such a motion may be read into the one paragraph "Argument", we believe that the brief still falls short of complying with the standards enunciated in *Anders* and *Baker*.[1]

[1] It should be noted that, though *Anders* and *Baker* dealt with a direct appeal from a criminal conviction, "this PCHA proceeding is, in effect, the first appeal from the judgment of sentence. *Anders* specifically was concerned with the first appeal from a criminal conviction, and it does not matter whether the appeal is a direct or collateral attack on the judgment of sentence." *Commonwealth v. Sparks*, 438 Pa. 77, 80 n. 1, 263 A. 2d 414, 415 n. 1 (1970). The requirements of *Anders* and *Baker* thus apply to the instant case.

*Anders* requires that a request to withdraw must ". . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S. Ct. at 1400. The brief in question here is no more complete than the "no merit" letter condemned in *Anders*. It ". . . affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." 386 U.S. at 745, 87 S. Ct. at 1400.

We believe that appellant is entitled to effective representation on appeal, and has not received such representation to date. This situation may have been caused by a misapprehension, shared by counsel for appellant and by many other members of the bar, as to the correct procedures to be followed. We emphasize that attorneys appearing before this Court *must* comply with the mandates of *Anders* and *Baker*. We therefore remand the record to the lower court with directions to require counsel to follow the correct procedures and thus assure appellant effective representation by counsel.