**UNITED STATES of America ex rel. Jonathan KIRK, a Minor**

v.

**Brother James KIRKPATRICK, St. Gabriel's Hall, Phoenixville, Pa.**

**Civ. A. No. 70–2913.**

United States District Court,
E. D. Pennsylvania.

May 6, 1971.

Daniel Kirk, Haverford State Hospital, Haverford, Pa., for plaintiff.

Stephen J. McEwen, Jr., Dist. Atty., Ralph B. D'Iorio, Asst. Dist. Atty. of Delaware County, Media, Pa., for defendant.

## MEMORANDUM

BODY, District Judge.

Before the Court is the request of Jonathan Kirk, a minor, for a writ of habeas corpus.

Relator, who is fifteen years old, was adjudged a delinquent in the Court of Common Pleas, Juvenile Court Division, of Delaware County, Pennsylvania, and committed by order of the court to St. Gabriel's Hall on August 11, 1970. Relator, who is now at St. Gabriel's Hall, must remain there from nine to fourteen months, according to the rules of the institution as explained to this Court in the answer of Brother Kirkpatrick, the Administrator of St. Gabriel's Hall.

Relator's petition, which was filed in this Court by relator's father, Daniel Kirk,[1] notes that he had filed a habeas corpus petition in the Juvenile Court of Delaware County, which has been denied.[2] There has been no further exhaustion of remaining state remedies. See 19 Pa.Stat.Ann. §§ 1180-4,

–11 (Supp.1971); Goodrow v. Elk County Court of Common Pleas, etc., 308 F. Supp. 291 (D.C.1970).[3] Hence we must dismiss without prejudice for failure to exhaust available state remedies.

---

1. There is undoubted authority for the filing of habeas corpus petitions by someone acting on behalf of one in custody. 28 U.S.C. § 2242. United States ex rel. Bryant v. Houston, 273 F. 915 (2d Cir. 1921).

2. There had been no direct appeal under 11 Pa.Stat.Ann. § 257.

3. It appears from our research that juvenile proceedings are not reviewable within the scope of the Pennsylvania Post-Conviction Hearing Act since the decision that a juvenile is delinquent is not the same as conviction of a crime, a prerequisite to relief under the PCHA, 19 Pa.Stat.Ann. § 1180–3(a) (Supp.1970). Commonwealth v. McCarty, 58 Berks County, Pa. L.J. 107 (Quarter Sessions Ct.1966).

As noted in McCarty, relator still had a remedy by a petition for habeas corpus. The PCHA does set out the appropriate procedures for the conduct of habeas corpus proceedings. 19 Pa.Stat.Ann. § 1180–2 (Supp.1970). United States ex rel. Miller v. Russell, 256 F.Supp. 857 (M.D.Pa.1966).