Commonwealth *v*. Bartol, Appellant.

Submitted March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Bruce S. Miller,* Assistant Public Defender, and *Peter J. Webby,* Public Defender, for appellant.

*Jerry B. Chariton,* Assistant District Attorney, *Charles D. Lemmond, Jr.,* First Assistant District Attorney, and *Blythe H. Evans, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, May 20, 1971:

This case involves a direct appeal from judgment of sentence after appellant's conviction on charges of attempted burglary and larceny of a motor vehicle.

Counsel for appellant stated in his brief that he had "very carefully reviewed the record in this case, including pretrial procedures, the guilty plea, sentencing as well as correspondence from the appellant. After due consideration and much research, defense counsel feels that he is unable to offer any argument on appellant's behalf on which relief could possibly be secured in this Court. Counsel therefore respectfully requests permission to withdraw from the representation of appellant in this case. An effort has been made to comply with the detailed procedures outlined in Anders vs. California, 386 U.S. 738 (1967) and Commonwealth vs. White, 433 Pa. 109 (1966) concerning the withdrawal of defense counsel from the representation of an indigent defendant. In accordance therewith, a copy of this brief has been served upon the appellant with instructions that he write to this Honorable Court indicating any further issues he feels might be raised on his behalf."

It is our opinion that counsel for appellant has not complied with the standards enunciated in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), *rehearing denied,* 388 U.S. 924, 87 S. Ct. 2094 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968). *Anders* and *Baker* require that when an attorney determines that a case has no merit, a request to withdraw must ". . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S. Ct. at 1400. The brief presented by counsel for this appellant is no less conclusory than the "no merit" letter condemned in *Anders.* Counsel here does not refer to specific parts

of the record nor does he give the Court or appellant the benefit of his research. As was the case in *Anders* and *Baker,* appellant has been left to "shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." 386 U.S. at 745, 87 S. Ct. at 1400.

A similar situation was recently presented to this Court in *Commonwealth v. Hurst,* 218 Pa. Superior Ct. 239, 276 A. 2d 311 (1971) and *Commonwealth v. Covington,* 218 Pa. Superior Ct. 242, 276 A. 2d 312 (1971), where we concluded, as we do here, that the appellant did not receive effective representation on appeal. We reemphasize that attorneys appearing before this Court *must fully comply* with the mandates of *Anders* and *Baker.*

The record is remanded to the court below with directions to require counsel to follow the correct procedures and thus assure appellant effective representation by counsel.