Commonwealth *v.* Breon, Appellant.

Submitted June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING and CERCONE, JJ.

*Edward L. Willard,* Public Defender, for appellant.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This case involves an appeal from the denial of appellant's first Post Conviction Hearing Act petition. The court below summarized the facts as follows:

"The defendant filed a PCHA petition on October 24, 1969. The petition was summarily dismissed by this court because of the extensive record which refuted the allegations of the petitioner. On an appeal to the Superior Court the matter was remanded to this court for an evidentiary hearing. Pursuant to this order, the court held two evidentiary hearings: one on September 15, 1970, and an adjourned hearing on December 10, 1970. The defendant contends that his plea of guilty was unlawfully induced because promises were made to him by a trooper of the state police and that he was unaware of the consequences of the entry of a guilty plea."

Appellant's court-appointed counsel has submitted the following "brief" and, by separate petition, has asked for leave to withdraw. The "brief" reads as follows:

"BRIEF ON BEHALF OF DEFENDANT

"This case was initiated by the Defendant himself and the undersigned appears as Public Defender at the request of the Court at a hearing on December 10, 1970.

"It appeared that there had been a plea of guilty but it also appeared that there was nothing on the record to show that he had been informed of his right to appeal as required by law. The record was examined in Chambers of the Court in great detail and it appears to the undersigned that the Defendant was at all times represented by competent counsel and had a previous Post Conviction Hearing Appeal in which an Evidentuary [sic] Hearing was held and that his allegations were totally without merit.

"Before the Public Defender could reach the papers thereafter they had been forwarded to the Superior Court and were unavailable so that specific reference cannot be made. The Public Defender had no connection with this case prior to December 10, 1970, hence has no copies of the record or even of the Post Conviction Hearing Appeal but is personally satisfied after the conference with the Court that this Post Conviction Hearing Appeal is without merit."

We are at loss to understand where counsel obtained his version of the procedural history of the case. In any event, we are convinced that appellant has been denied effective assistance of counsel on appeal under the rules set out in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), *rehearing denied,* 388 U.S. 924, 87 S. Ct. 2094 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

This Court has clearly indicated that counsel on appeal *must* follow the procedures set forth in *Anders* and *Baker. Commonwealth v. Hurst,* 218 Pa. Superior Ct. 239, 276 A. 2d 311 (1971); *Commonwealth v. Covington,* 218 Pa. Superior Ct. 242, 276 A. 2d 312 (1971); *Commonwealth v. Bartol,* 218 Pa. Superior Ct. 191, 279 A. 2d 771 (1971). The above quoted "brief on behalf of defendant" and the petition by counsel to withdraw contain no more information—are no more helpful to this Court or to appellant—than was the no merit letter condemned in *Anders.* Counsel has complied with neither of the *Anders* and *Baker* alternatives. He has neither submitted an advocate's brief nor has he accompanied his request to withdraw with ". . . a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744, 87 S. Ct. at 1400.

The record is remanded to the court below with directions to require counsel to follow the correct procedures and thus assure appellant effective representa-

tion by counsel. The record is then to be returned to this Court at the same term and number for further disposition.

WRIGHT, P. J., dissents.