404 A.2d 1328

**COMMONWEALTH of Pennsylvania**

v.

**John W. TRACY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided May 23, 1979.

John D. McBride, Assistant Public Defender, Beaver, for appellant.

Joseph S. Walko, District Attorney, Beaver, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

On September 29, 1978, this Court entered the following Order:

NOW, to-wit, this 29th day of September, 1978, counsel for defendant is notified that his brief does not meet minimal standards for an advocate's brief on behalf of a criminal appellant to our Court. Counsel is therefore ordered to proceed by filing either: (1) a proper advocates brief on the merits, or (2) a proper withdrawal request and brief meeting all of the requirements set forth in *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977). In either case, counsel is to file a new brief within thirty (30) days, or risk sanctions.

A petition for withdrawal by defense counsel and new brief have been submitted to our Court. While the petition for withdrawal meets the legal requirements of prevailing case law, the accompanying brief is not an advocate's brief of the type our courts have discussed in numerous cases. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977); *Commonwealth v. Bartol*, 218 Pa.Super. 191, 279 A.2d 771 (1971). The brief in the instant case is the conclusory "no merit" type at best, such as that condemned in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It could have been submitted as an argument in support of affirmance. See *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968).

This is the second time presently assigned counsel has submitted an inadequate brief. At the time of his appointment, the attorney for appellant was a member of the County Public Defender's Office. He is no longer a member of that staff, but the County Public Defender is also a signatory to the latest brief. As a result of the inadequate briefs submitted thus far, consideration of the appellant's appeal has been unnecessarily delayed.

In all of the circumstances of this case, we deem it appropriate to remand to the lower court for further proceedings. Initially, the lower court must hold a hearing to determine whether the appellant, who counsel has informed us is on parole and no longer incarcerated, still wishes to have an appeal pursued. If appellant does desire further

processing of an appeal, the court should determine whether appellant is still indigent and therefore entitled to appointed counsel. If appellant is not indigent, the lower court shall advise him to secure private counsel to represent him and shall notify appellant that a brief by private counsel will be due for filing in this Court thirty (30) days after the date of the lower court hearing and decision. If appellant is indigent, counsel other than from the Beaver County Public Defender's Office shall be appointed, and directed to file a brief, with this Court, within thirty (30) days after the lower court hearing and decision. The lower court shall prepare a written memorandum or opinion for the record, detailing its findings upon remand.

In the event that new counsel is appointed to represent the appellant, such counsel shall confer with the appellant and conduct a complete review of the record. Thereafter such counsel shall either file an advocate's brief with this Court or proceed pursuant to the requirements set forth in *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977), for withdrawal.

Remanded for further proceedings consistent with this opinion.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.