Commonwealth *v.* Baker, Petitioner.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas W. Henderson* and *Daniel T. Zamos,* Assistant Defenders, and *George H. Ross,* Defender, for petitioner.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, respondent.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

Following a three day trial before a judge and jury, appellant was convicted of armed robbery and pointing firearms. He was given a three to six year sentence. His motions for new trial and arrest of judgment having been denied, Baker requested counsel to aid in the taking of an appeal to the Superior Court. This request was granted, the appeal taken, and relief denied, per curiam. Baker then petitioned this Court for allowance of appeal. Because we believe that the assistance given Baker in taking his initial appeal was defective under the rule set out in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), we hereby grant the allocatur, vacate the order of the Superior Court, and remand this case for further proceedings consistent with the following opinion.

The Supreme Court of the United States has recognized in *Anders* that even the most diligent court appointed counsel may sometimes justifiably believe that he is being asked to pursue an appeal totally devoid of merit. However, because it is also fundamental to the notion of equal justice for all that the indigent defendant receive just as spirited a defense as the man who can retain private counsel, the Supreme Court has set forth very strict standards, now applicable to the states, which counsel and the appellate court *must* follow before an attorney may be permitted to withdraw his services. *Anders* gives to counsel two choices when representing an indigent client on appeal. He may, of course, file briefs and argue the case. But *Anders* emphasizes, throughout the Court's opinion, that the brief must be that of an advocate, not an *amicus curiae.* 386

U.S. at 741, 87 S. Ct. at 1398-99. Or counsel may choose to withdraw his services, in which case this procedure must be followed: "[I]f counsel finds his [the client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses . . . ." 386 U.S. at 744, 87 S. Ct. at 1400.

Applying this standard to the present case convinces us that the *Anders* mandate has not been followed. Unlike the attorney in *Anders,* appellant's counsel never formally requested permission to withdraw from the case. However, if we treat this as a case of actual *representation* on appeal, the brief filed before the Superior Court by appellant falls woefully short of being that of an advocate. After a short statement of the facts, which emphasizes only the impressive array of eyewitnesses to the crime, counsel then, in headnote form, sets out what he considers the only arguable point for appeal, the fact that certain questions were not permitted on voir dire. Then follows, instead of the traditional argument, a section labelled "MEMORANDUM". This section contains the following language: "It is admitted that Appellant has a right to have counsel appointed to perfect his Appeal. And, Judge WEIR so ordered.

"But the Office of Public Defender refuses to engage in presenting a wholly frivolous Appeal. Both Attorneys, namely: Lichtenstein and Clunk, representing Nash and Appellant, respectively, gave them a great trial defense, working under the most hopeless situation.

"Counsel for Appellant has discussed the case with Judge WEIR and Attorney Clunk, as well as making an exhaustive analysis of the Record, determining that nothing in the Record can support the Appeal.

"Also, it was unanimously agreed that no meritorious argument can be made in support of the propositions that the denial of the Motions for New Trial and Arrest of Judgment were improperly refused.

"I have visited and communicated with Appellant and have explained my views and opinions to him."

It should be readily apparent that to call this an advocate's brief would be to make a travesty of the appellate process. In fact, when it is considered that this brief was submitted to a court already overburdened with criminal litigation, the quoted language above is little more than an argument to *affirm* the conviction, per curiam—a course of action which was in fact taken. Not only does this so-called appellant's brief derogate from the *Anders* requirement of advocacy, it also arguably fails to comport with our own pre-*Anders* standard for determining effective appellate representation. Cf. *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 218 A. 2d 811 (1966). We there said: "Had appellant the funds with which to retain counsel, we do not doubt that he would have been able to indulge his grievances, real or fanciful, on appeal. Appellant [an indigent] was entitled to no less." Id. at 160-61, 218 A. 2d at 813. Unfortunately, in the' case now before us, it is painfully clear that Baker's Superior Court brief did not even give appellant a chance to *present* his grievances, let alone "indulge" them.

We are therefore left with the second *Anders* choice as the only means whereby the present procedure can be considered constitutionally adequate, i.e., were counsel's actions and the Superior Court's subsequent re-

action sufficient to constitute a valid *Anders* withdrawal by counsel. Although we believe that the more desirable practice would be for counsel to submit a *separate* withdrawal request to the court, we may still, in the present case, treat counsel's "memorandum" in the brief itself as such a request. As a withdrawal request the memorandum satisfies *Anders* insofar as it recites that the problem has been thoroughly researched, that counsel finds no merit in the appeal, and that he has discussed the case with his client. So also, can we consider counsel's statement of the voir dire issue tantamount to a "brief referring to anything in the record that might arguably support the appeal", although we wish to emphasize that a somewhat more substantial treatment of the arguable issue would be preferred hereafter. However, it is the third requirement for an *Anders* withdrawal, indeed the most important requirement, that has not here been followed. *Anders* clearly demands not only that the indigent be advised of his lawyer's decision to abandon the appeal, but also that the client be given a copy of counsel's brief *in time to present the appeal in propria persona*. Surely, were it not for this last requirement, all the *Anders* requirements would result in mere fodder for a file drawer.

The record below is totally devoid of any indication that Baker was given permission by the Superior Court to file his own appeal after the one filed by counsel had been rejected; nor does it appear that anyone even *told* appellant of his right to appeal pro se. This Court cannot emphasize strongly enough that it is not our duty at this point to speculate on the possible merit, if any, of Baker's appeal. That task must be undertaken by the Superior Court, but only *after* it has had a chance to review the facts and applicable law as presented by an *advocate*. When it is consid-

ered that Baker's initial appeal was submitted on briefs alone to the Superior Court, and that appellant's brief was little more than a glorified "tossing in of the sponge", the path to be taken by this Court is well marked by *Anders*.

The order below is vacated, and the case remanded to the Superior Court with instructions that appellant be given adequate time to perfect and file an appeal pro se.