Dissenting Opinion by
Hoffman, J.:
Appellant was convicted of aggravated assault and battery and sentenced to one and a half to three years. The Voluntary Defender prosecuting this appeal reviewed the facts and stated: “There are no issues present in the record which counsel can reasonably argue to the Superior Court.” Specifically, the Defender stated: “Counsel has reviewed the record and finds that the testimony of the victim and his wife was sufficient to convict the appellant on the charge of aggravated assault and battery. Counsel also has reviewed the record for possible trial errors and finds none of any substance.”
Counsel then requested permission to withdraw. A pro se brief was then filed by appellant in which he requested that new counsel be appointed to prosecute *296 Ms appeal pursuant to Douglas v. California, 372 U.S. 353 (1963).
Under Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Baker, 429 Pa. 209, 239 A. 2d 201 (1968), court-appointed counsel may withdraw if he believes an appeal is totally devoid of merit.
However, before withdrawal is permitted, certain conditions established by the Supreme Court of the United States must be satisfied. “[I]f counsel finds his [the client’s] ease to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to' raise any points that he chooses. . . .” Anders v. California, supra, at 744.
In Commonwealth v. Baker, supra, our Supreme Court stated that the above procedure must be followed, but in that case counsel’s brief was considered to satisfy the requirements of Anders. In Baker, counsel on appeal at least gave the Court some argument which could be reviewed, while in the case at bar, counsel makes no argument whatsoever. Thus, the procedure followed in the instant case falls hopelessly short of satisfying the requirements in Anders, and even the relaxed procedure permitted in Baker.
I would, therefore, permit counsel to file a petition to withdraw from the case pursuant to the conditions established by Anders and Baker. After an independent review of both the record and counsel’s brief, we should either grant or deny the petition to withdraw. If we find that the petition to withdraw should be granted on the ground that the appeal is wholly frivolous, Anders v. California, supra, appellant should be *297 notified in order to permit him to prosecute his appeal pro se.
Montgomery, J., joins in this dissenting opinion.