## Commonwealth *v.* Tomski, Appellant.

Submitted November 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Robert D. George,* for appellant.

*Kenneth E. Fox, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 12, 1968:
Order affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent. The docket in this appeal from the dismissal without hearing of a petition under the Post Conviction Hearing Act indicates that counsel has been appointed to represent the appellant in this Court. However, the only brief submitted on his behalf is a xerox copy of appellant's handwritten brief.

By statute and rule, appellant is entitled to the assistance of counsel in an appeal from the denial of

post-conviction relief.[1]   Assistance of counsel implies *effective* assistance.  Submission by appointed counsel of a brief handwritten by a client is nominal representation only and should not be condoned.  The right of an indigent to effective assistance of counsel has been jealously guarded by our courts because of the strong conviction that counsel, by virtue of his special skills and training, can present his client's case for adjudication in a far more effective manner than can a layman client.  An indigent certainly derives no benefit from these special skills and training when counsel does no more than mechanically reproduce his client's work.

If appointed counsel believes that his client does not have grounds for relief on appeal, he may petition this Court to withdraw from the appeal.  If he does so, he must present to the Court a brief referring to anything in the record which might arguably support the appeal.  *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968).  However, if counsel does not withdraw he must act as an advocate for his client.  This requires that *he* present to the Court the arguments on behalf of his client.[2]  This, counsel has not done.  I would continue the appeal and direct counsel for appellant to file a brief on behalf of his client or file a petition to withdraw presenting anything in the record which might support the appeal.

HOFFMAN, J., joins in this dissent.

---

[1] Post Conviction Hearing Act, 19 P.S. §1180-12; *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968); Pa. R. Crim. P. 1503 and 1504.

[2] Counsel is not required to present to the Court every conceivable argument suggested by his client and, as a matter of strategy, may elect to present only those arguments which he believes may possibly be successful.