## Commonwealth *v.* Szewczyk, Appellant.

Submitted November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ritchie T. Marsh,* and *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellant.

*James R. Dailey,* Assistant District Attorney, and *Michael Palmisano,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

———

DISSENTING OPINION BY CERCONE, J.:

The defendant, Walter Szewczyk, was convicted in Erie County in 1967 on charges of obstructing an officer, possession of burglary tools, loitering, and prowling at night. At the end of 1967 he filed a petition under the Post Conviction Hearing Act[1] alleging that he had not been advised of his right to appeal and that his counsel at trial had been inadequate. At the hearing on these claims, the defendant, who was and is indigent, was represented by Attorney Charles Agresti, who was appointed by the Public Defender's Office of Erie County. After a full hearing, the court below denied the petition.

Attorney Agresti did not appeal the dismissal of this petition. The defendant then filed a second petition under the Post Conviction Hearing Act claiming that he was obstructed by State officials from filing an appeal from the dismissal of the first petition, and alleging that Attorney Agresti improperly failed to appeal from that dismissal. The second petition was denied without a hearing and the defendant now appeals to our court.

In *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), rehearing denied 388 U.S. 924,

———

[1]Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

87 S. Ct. 2094, 18 L. Ed. 2d 1377 (1967), the United States Supreme Court established clear guidelines which an attorney, appointed to represent an indigent criminal defendant, must follow in situations in which an appeal is possible. Unless the client himself expressly indicates no desire to appeal, the attorney has only two courses of action open to him. First, he can, of course, represent his client on appeal. However, it is recognized that there are situations in which even the most conscientious court-appointed attorney would find that an appeal would be frivolous and totally lacking in merit. In these cases the second course of action is open to the attorney. He may withdraw from the case. The method of withdrawal was the subject stressed by the United States Supreme Court in *Anders,* and recently adopted by our State's Supreme Court in *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968). The attorney must advise the court that he finds the case to lack any meritorious ground for appeal, and he must *request permission* to withdraw. He must accompany this request with a brief referring to anything in the record which might arguably support the appeal. A copy of counsel's brief should be furnished to the indigent client and time allowed for the client to raise any points he chooses.

In this case it was error to dismiss the second Post Conviction Hearing Act petition without a hearing. A hearing must be held to determine whether appellant agreed with his attorney that there should be no appeal from the denial of the first petition.[2] If such an express waiver is found, this second petition can be de-

---

[2] It appears that Attorney Agresti, a highly able and diligent lawyer, did notify the appellant by letter that he believed an appeal would be futile. However, there is no information available to this court concerning whether or not appellant concurred in this belief. Therefore, a hearing is necessary.

nied. However, if at the hearing it is found that appellant did not acquiesce in the decision not to appeal, the court must order counsel to either proceed with an appeal of the first petition or formally withdraw from the case in accordance with *Anders* and *Baker*.[3] Also, in this latter situation the right to appeal nunc pro tunc on the first petition must be granted. I would, therefore, remand for a hearing.

---

[3] It is my opinion that the problems which arise in this case can be greatly minimized in the future if attorneys in the situation where a client agrees there are no meritorious grounds for appeal, submit, nevertheless, a petition to withdraw from the case, accompanied by a brief as mandated by *Anders* and *Baker*. This will avoid the situation wherein a defendant, who agrees there should be no appeal, years later, upon afterthought, and, in the absence of any record, accuses his attorney of an improper failure to appeal.