## Commonwealth *v.* Johns, Appellant.

Submitted September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph Wassell,* Assistant Public Defender, for appellant.

*Ernest D. Praete, Jr.,* Assistant District Attorney, and *Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., March 23, 1971:

Appellant, Durward Kent Johns, Jr., appeals from judgment of sentence on his guilty plea to burglary in the Court of Common Pleas of Lackawanna County.

The brief filed by appellant's appointed counsel in this case is the identical brief presented to this Court in two other cases.[1] Counsel for appellant states that the only matters appealable are the validity of the plea and lawfulness of the sentence. He argues that the length of sentence within the legal maximum is for the trial court's discretion, that appellant's sentence is within the legal maximum and not unusual, but that appellant believes it is excessive. Finally, he cites *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966), for the proposition that the determination of voluntariness of a plea is to be resolved on a case by case basis and asks this Court to review the record to make such a determination.

It may well be that there is no merit to appellant's appeal. In that case, counsel's task is to explain to the Court and to the appellant why the record presents no arguable claims. *Anders v. California,* 386 U.S. 738

---

[1] *Commonwealth v. Roguski,* 217 Pa. Superior Ct. 767, 268 A. 2d 246 (1970) ; *Commonwealth v. Tigue,* 217 Pa. Superior Ct. 773, 268 A. 2d 242 (1970).

(1967) ; *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968). In *Baker*, Justice ROBERTS points out "The Supreme Court of the United States has recognized in Anders that even the most diligent court appointed counsel may sometimes justifiably believe that he is being asked to pursue an appeal totally devoid of merit. However, because it is also fundamental to the notion of equal justice for all that the indigent defendant receive just as spirited a defense as the man who can retain private counsel, the Supreme Court has set forth very strict standards, . . . which counsel and the appellate court *must* follow before an attorney may be permitted to withdraw his services." at p. 211 (Emphasis in original.) Counsel representing an indigent client on appeal has the responsibility of submitting a proper advocate's brief and not one of an "amicus curiae". Unless counsel provides some detail in his application of the law to the facts, he fails to perform important functions of his duty of representation.

When an appellate court receives briefs which do not state and deal with the facts tending to support or negate legal arguments, it is unduly hampered in the performance of the judicial task by having to perform that of the advocate first. Appellant's brief does not meet the standard required in *Baker* and *Anders*.

The record is remanded for the filing of a supplemental brief.

WATKINS, J., dissents.