Commonwealth *v.* Dutton, Appellant.

Submitted September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John R. Merrick,* Assistant Public Defender, for appellant.

*Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 23, 1971:
Judgment of sentence affirmed.

————

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from appellant's guilty pleas to burglary and aggravated robbery. Appellant complains that his guilty pleas were not intelligently and voluntarily entered.

Appointed counsel makes no attempt on appeal to write an advocate's brief. In his two paragraph brief counsel argues as follows: "Appellant argues that, despite the on the record colloquy, the matter should be remanded to the Chester County Court of Common Pleas to see whether an evidentiary hearing should be held as to the voluntariness of said pleas."

It is apparent from the above that appellant has been denied effective assistance of counsel on appeal under the rules set out in *Anders v. California,* 386 U.S. 738 (1967), *rehearing denied,* 388 U.S. 924 (1967), and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

In *Anders* the Supreme Court of the United States enunciated the standards to be applied when court-appointed counsel believes a case has no merit. In such an instance the attorney may file a brief and argue the case, but "such representation must be in the role of an advocate . . . rather than as *amicus curiae.*" 386 U.S. at 741 (citation omitted). The attorney has a second choice available to him, however. "[I]f counsel finds his case to be wholly frivolous, after a conscientious

examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744.

In *Baker*, Mr. Justice ROBERTS, speaking for a unanimous Court, first applied *Anders* to Pennsylvania. *Baker* is similar to the instant case in that here, as in *Baker*, "appellant's counsel never formally requested permission to withdraw from the case." 429 Pa. at 212, 239 A. 2d at 202. Counsel in the instant case made no attempt to act as an advocate on behalf of appellant. The second *Anders* choice is thus the only remaining constitutionally permissible alternative, and counsel has not filed a petition to withdraw.

I believe that appellant is entitled to effective representation on appeal, and he has not received such representation to date. Attorneys appearing before this Court *must* comply with the mandate of *Anders* and *Baker*. I would, therefore, remand the record to the lower court with directions to require counsel to follow the correct procedures and thus assure appellant effective representation.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.