## Commonwealth v. McDowell, Appellant.

Submitted December 6, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio* and *Anna Iwachiw Vadino,* Assistant District Attorneys, for Commonwealth, appellee.

OPINION BY SPAULDING, J., March 24, 1972:

This is an appeal from the denial of appellant's first Post Conviction Hearing Act petition by the Court of Common Pleas of Delaware County. Appellant con-

tends, inter alia, that his guilty plea was invalid and that he was not advised of his right to appeal. A hearing on the petition was held on August 19, 1970, and the petition was subsequently dismissed. This appeal followed.

. Appellant has been denied the effective assistance of counsel on this appeal under the rules promulgated in *Anders v. California*, 386 U.S. 738 (1967), *rehearing denied*, 388 U.S. 924 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968).[1] As stated in *Baker*, at 211: "Anders emphasizes, throughout the Court's opinion, that the brief must be that of an advocate, not *amicus curiae*". (Emphasis in original.) Here, counsel has written a brief supporting the decision of the court below. After reviewing each of appellant's possible contentions on appeal, counsel states as his "Conclusion" that:

"It being apparent from the record that the guilty plea is valid that the sentence is lawful, that the Appellant was represented by Counsel at the time of the entry of the guilty plea and that the Defendant was advised of his right to appeal and there being no issue with regard to a confession, it is the opinion of this writer that the Appeal of Appellant has no merit.

"It is therefore requested that counsel be permitted to withdrawal [sic] from the case and the Appellant be permitted to proceed in Propria Persona if he so desires." *Baker*, supra, allows that such language in counsel's brief may be treated the same as a separate petition to withdraw.

Counsel's request to withdraw is granted. The case is continued as a perfected appeal and appellant may file a pro se brief if he so desires.

---

[1] See *Commonwealth v. Covington*, 218 Pa. Superior Ct. 242, 276 A. 2d 312 (1971), where we held *Anders* and *Baker* applicable to appeals from the dismissal of PCHA petitions.