Dissenting Opinion by
Spaulding, J.:
I respectfully dissent.
This is an appeal from the denial of appellant’s Post Conviction Hearing Act petition by the Court of Common Pleas of Montgomery County. Appellant contends that his sentence to consecutive, rather than concurrent prison terms was invalid and that a change in his sentence after he had started serving it subjected him to double jeopardy. A hearing on the petition was held on October 18, 1971, and the petition was subsequently dismissed. This appeal followed.
Appellant has been denied the effective assistance . of counsel on this appeal under the rules promulgated in Anders v. California, 386 U.S. 738 (1967), rehearing denied, 388 U.S. 924 (1967); and Commonwealth v. Baker, 429 Pa. 209, 239 A. 2d 201 (1968).[1] As the Supreme Court of Pennsylvania stated in Baker, at 211: “Anders emphasizes, throughout the Court’s opinion, that the brief must be that of an advocate not amicus curiae”. (Emphasis in original.) Here, while counsel has explored appellant’s claims in some detail, he states, in a section of his brief entitled “Attorney’s Notation” : “Under the guidelines of Anders v. California, 386 U.S. 738 (1967), as applied to Pennsylvania in Commonwealth v. Baker, 429 Pa. 209 (1968),. . ., ap *47 pellant’s counsel submits legal argument on appellant’s behalf, though counsel believes such argument to be frivolous and without merit.” Baker, supra, allows that such language in counsel’s brief may be treated the same as a separate petition to withdraw.
I would treat counsel’s brief as a petition to withdraw, continue the case as a perfected appeal, and allow appellant to file a pro se brief if he so desires.
Hoffman, J., joins in this dissenting opinion.

 See Commonwealth v. Covington, 218 Pa. Superior Ct. 242, 276 A. 2d 312 (1971), where we held Anders and Baker applicable to appeals from the dismissal of PCHA petitions.