392 A.2d 774

**COMMONWEALTH of Pennsylvania**

v.

**Lloyd C. PARKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

C. George Milner, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Lloyd C. Parker, was tried before a jury and was found guilty of aggravated robbery on April 18, 1966. He was sentenced to five to ten years in prison. Parker appealed his conviction to the Superior Court. We affirmed the judgment of sentence, and Parker's application for allo-

catur to the Supreme Court was denied. Appellant then pursued relief under the Post Conviction Hearing Act, filing four different petitions, all of which were dismissed. It is from this last petition Parker appealed to our Court.

The voluntary defender for appellant did not file a brief in this case, but merely sent a letter to the prothonotary of our court stating that he felt all issues had been reviewed and adjudicated and that no new meritorious issues were presented. In order to prevent the state from paying a useless fee, counsel decided not to file a brief.

Although it is commendable that counsel in this case did not want to enlarge his fee, he failed to follow the requirements set forth by this court in *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974). There we stated that in order to meet the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968), counsel who examines the record of a case and decides an appeal would be wholly frivolous must:

1.  request the court's permission to withdraw,
2.  file a brief referring the court to any part of the record which might support an appeal, and
3.  send his or her client a copy of the brief in time to allow him to appeal in propria persona or request new counsel.

In the instant case, all counsel filed was a no merit letter which did not specifically request withdrawal nor is there evidence a copy was sent to appellant. Such no merit letters have been held to be insufficient to satisfy the *Anders* requirements. *Commonwealth v. Greer,* supra. For the above-mentioned reasons, counsel for appellant is directed either (1) to file a request for leave to withdraw that meets in all respects the requirements of notice to the appellant, see *Commonwealth v. Liska,* 252 Pa.Super. 103, 109–110, 380 A.2d 1303, 1306 (1977), and to file a withdrawal brief that meets the description in *Commonwealth v. Greer,* 455 Pa. 106, 108–09, 314 A.2d 513, 514–15 (1974), or (2) to proceed with the appeal by filing an advocate's brief on the merits.

In either case, counsel is to file a new brief and request, or new brief alone, within thirty (30) days, or risk sanctions.

It is so ordered.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.