# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin L. Lovett,                        :
              Petitioner      :
                                 :
      v.                                  :    No. 1153 C.D. 2018
                                 :    Submitted: January 18, 2019
Pennsylvania Board                       :
of Probation and Parole,                 :
              Respondent      :

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
              **HONORABLE ANNE E. COVEY, Judge**
              **HONORABLE CHRISTINE FIZZANO CANNON, Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED:  May 9, 2019**

Petitioner Melvin L. Lovett (Lovett) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated July 27, 2018, which denied Lovett's request for administrative relief, challenging the Board's recalculation of his maximum sentence date as July 26, 2020. Lovett's counsel, David Crowley, Esquire (Counsel), filed a motion to withdraw as counsel. Counsel asserts, as expressed in his "no-merit" letter, that the issues Lovett raises in his petition for review are without merit. We deny Counsel's motion to withdraw as counsel, but we will provide Counsel with an opportunity to submit an amended request for leave to withdraw.

Lovett had been incarcerated at a State Correctional Institution when the Board granted him parole and released him on October 15, 2009. (Certified Record (C.R.) at 6.) At the time of his parole, Lovett had a maximum sentence date of September 4, 2016. (*Id*.) On November 5, 2010, the Philadelphia Police Department arrested Lovett on new criminal charges, and the Board detained him on these charges until they were dismissed on June 6, 2012. (*Id*. at 10-11.) On December 19, 2013, the Philadelphia Police Department arrested Lovett and charged him with felony possession of a firearm. (*Id*. at 16.) On that same date, the Board issued a detainer against Lovett. (*Id*. at 17.) Lovett waived his right to attend a revocation hearing relating to the pending criminal charges. (*Id*. at 19-20, 24.) On January 22, 2014, the Board recommitted Lovett as a technical parole violator to serve 6 months at a State Correctional Institution. (*Id*. at 40-44.) At that time, the Board recalculated Lovett's maximum sentence date to December 18, 2016. (*Id*.) Lovett pleaded guilty to the charge of felony possession of a firearm on April 10, 2015. (*Id*. at 66-70.) Lovett, again, waived his right to a revocation hearing, and, on October 19, 2015, the Board recommitted Lovett as a convicted parole violator to serve 24 months consecutive to his recommitment as a technical parole violator. (*Id*. at 48, 87, 89.) In doing so, the Board recalculated Lovett's maximum sentence date to July 26, 2020. (*Id*. at 87, 89.) By order issued on May 18, 2017, the Board reparoled Lovett. (*Id*. at 93-95.)

Lovett then filed a request for administrative relief, challenging the Board's recalculation of his sentence.[1] (*Id*. at 98.) The Board denied Lovett's

---

[1] Lovett actually requested administrative relief from the Board's decision entered on October 19, 2015, which recalculated his maximum sentence date as July 26, 2020. The Board did not receive Lovett's administrative appeal until May 24, 2017, more than 30 days after the Board's recorded action. Pursuant to 37 Pa. Code § 73.1(b)(1): "Petitions for administrative

request for administrative relief, explaining: "Upon review of your case, it was determined there is no indication the Board failed to appropriately recalculate your maximum date and your request for relief is denied." (*Id.* at 103.) Lovett then filed a petition for review in this Court.

We begin by addressing Counsel's request to withdraw from his representation of Lovett. When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the
> alleged violation of the conditions upon which he is at

---

review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination." Further, 37 Pa. Code § 73.1(b)(3) provides: "[P]etitions for administrative review which are out of time under this part will not be received." We are unsure as to why the Board did not reject the administrative appeal as untimely. Regardless, we will review the merits of the appeal.

[2] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

3

> liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Lovett that he did not commit the crimes for which he received a new criminal conviction, nor does Lovett suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Lovett only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4]  *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).  Consequently, before making an independent review of the merits of the appeal to determine whether Lovett's appeal has no merit, we must first evaluate Counsel's no-merit

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[4] Counsel served Lovett with his petition to withdraw and his no-merit letter.  In a letter addressed to Lovett, Counsel advised Lovett of his right to retain counsel and to file a brief on his own behalf.  Thus, Counsel has complied with these requirements.

4

letter to determine whether it complies with the requirements for withdrawal applications.

In his request for administrative relief before the Board, Lovett challenged the Board's authority to recalculate his judicially imposed sentence, alleging that the Board's recalculation of Lovett's maximum sentence date to extend it beyond its original date: (1) violates the separation of powers doctrine; (2) violates his right to procedural due process; and (3) eviscerates the judicial discretion provided to the courts under Section 9721(a) of the Sentencing Code, 42 Pa. C.S. § 9721(a). Lovett also alleges that the Board's recalculation is improper because Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2), is in direct conflict with Section 6138(a)(5) of the Code, 61 Pa. C.S. § 6138(a)(5).[5] In the petition for review filed with this Court, Lovett raises the following issues: (1) the Board improperly declined to credit his original sentence; and (2) the Board

---

[5] Section 6138(a) of the Code sets forth provisions pertaining to violation of terms of parole by a convicted parole violator. Section 6138(a)(2) of the Code provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

Section 6138(a)(5) of the Code provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

did not articulate contemporaneous reasons for refusing to award credit. Counsel's no-merit letter identifies all of Lovett's arguments that were set forth in his request for administrative relief and includes an analysis of the merits of each issue raised. Counsel's no-merit letter, however, fails to address the issues identified in the petition for review filed with this Court. Counsel's no-merit letter, therefore, does not meet the requirements set forth in *Zerby*.

Due to the fact that Counsel failed to address the arguments set forth in Lovett's petition for review, we deny Counsel's motion for leave to withdraw as counsel, but we will provide Counsel with an opportunity to submit an amended request for leave to withdraw.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin L. Lovett,       :
      Petitioner  :
           :
   v.         :  No. 1153 C.D. 2018
           :
Pennsylvania Board     :
of Probation and Parole,   :
      Respondent :

## **O R D E R**

AND NOW, this 9th day of May, 2019, the motion to withdraw as counsel filed by David Crowley, Esquire, is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Melvin L. Lovett within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a brief within thirty days of the date Counsel files and serves a brief on the merits.

            _____

            P. KEVIN BROBSON, Judge