# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Tyquan Moy, : 
                Petitioner : 
                 : 
          v. :   No. 259 C.D. 2023
                 :   Submitted: July 5, 2024
Pennsylvania Parole Board, : 
              Respondent : 


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                     FILED:  September 18, 2024


       Tyree Tyquan Moy (Moy) petitions for review of the final determination of the Pennsylvania Parole Board (Board) dated January 20, 2023. The Board affirmed its prior decision recorded August 8, 2022, thereby denying Moy's request for administrative relief from that decision, which Moy challenged on several bases. Moy's counsel, David Crowley, Esquire (Counsel) has filed an application to withdraw as counsel and accompanying no-merit letter[1] stating that

---

     [1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are collateral to an
**(Footnote continued on next page…)**

Moy's petition for review is meritless. We now deny Counsel's application to withdraw, but we will allow Counsel to submit an amended application to withdraw or elect to file a brief on the merits.

By action recorded November 4, 2019, the Board granted Moy parole. Certified Record (C.R.) at 4. Moy was released from confinement at a State Correctional Institution on April 8, 2020. *Id.* at 7. At the time of his parole, Moy had a maximum sentence date of November 15, 2027. *Id.* at 6.

On March 19, 2021, police arrested Moy when responding to a complaint that he had unlawfully entered a woman's home and assaulted her. C.R. at 76-77. Police charged Moy with burglary, criminal trespass, terroristic threats, assault, harassment, strangulation, and various property crimes. *Id.* at 72-74. That same day, the Board issued a warrant to commit and detain Moy. *Id.* at 21. Moy was held in the Lycoming County Prison on $75,000 bail, which he did not post. *Id.* at 82-83.

On May 24, 2022, Moy pleaded guilty to harassment and defiant criminal trespass and was sentenced to pay costs of prosecution without further punishment. C.R. at 79-80. The remaining charges were dismissed. *Id.* Moy waived his right to counsel and requested a panel revocation hearing. *Id.* at 27-28. At the July 26, 2022 hearing, the Board introduced the criminal complaint regarding Moy's new convictions, including an attached affidavit of probable cause.[2] *Id.* at 41.

---

underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from representation of a client may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

[2] The hearing transcript erroneously refers to an "affidavit of parole," but it is clear that this was meant to refer to the "affidavit of probable cause" attached to the March 19, 2021 criminal complaint, which was admitted as Exhibit S1. *See* C.R. at 71-78.

The Board prepared a hearing report revoking Moy's parole, which Board members signed on August 8, 2022. C.R. at 70. By action recorded that same day, the Board formally recommitted Moy as a convicted parole violator to serve 12 months' backtime. *Id.* at 23. The Board recalculated Moy's maximum sentence date as October 25, 2028, and denied credit for time at liberty on parole because Moy's convictions were for serious assaultive conduct involving domestic violence. *Id.* at 23-24.

On or about August 21, 2022, Moy filed a request for administrative relief with the Board. C.R. at 130-33. Moy argued that the Board erred in failing to properly credit him with time incarcerated on the new charges and abused its discretion in declining to award credit for time at liberty on parole. Further, Moy argued the Board failed to specify the parole condition he violated that would support his recommitment. *Id.* at 131. In a decision mailed January 20, 2023, the Board treated Moy's request as raising issues of due process, the basis for parole revocation, the calculation of the recommitment term, and credit toward Moy's original sentence for time incarcerated. *Id.* at 134-36. The Board rejected Moy's arguments and affirmed its August 8, 2022 determination. *Id.*

Moy timely petitioned this Court for review of the Board's January 20, 2023 determination. The issues he raises, reorganized here for clarity, are whether the Board erred or abused its discretion in (1) applying Section 6138(a)(1.1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(1.1), as a basis for recommitting him, even though Section 6138(a)(1.1.) was not in effect when Moy was paroled, thus depriving Moy of notice of the conditions on which he could be recommitted and violating his due process rights; (2) admitting the affidavit of probable cause at his revocation hearing, (3) denying credit for time at liberty on

parole, (4) imposing an excessive recommitment term, (5) failing to identify the basis for recommitment, and (6) failing to properly credit time incarcerated toward Moy's new sentence.

Before evaluating the merits of Moy's arguments, we first address Counsel's application to withdraw. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Moy that he did not commit the crimes on which his recommitment was based, nor does Moy suggest any reasons to justify or mitigate the parole violation. Thus, Moy has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw from representing a parolee may file a no-merit letter instead of an *Anders* brief. *Turner*, 544 A.2d at 928-29. To satisfy the procedural requirements of no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[4] Counsel served Moy with the application to withdraw and no-merit letter. Counsel advised Moy of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's no-merit letter contains an adequate summary of Moy's parole and conviction history and a description of Counsel's review of the case. In his request for administrative relief before the Board, Moy raised what would become issues 2 through 6 of his petition for review (as renumbered earlier in this opinion). Counsel's no-merit letter identifies and fully analyzes those issues. But the letter fails to adequately identify and analyze the first issue in Moy's petition for review—whether the Board erred in using Section 6138(a)(1.1) of the Code[5] as a basis for Moy's recommitment as a convicted parole violator.

That issue is distinct from the others in the petition for review. Moy essentially challenges Section 6138(a)(1.1) of the Code as an *ex post facto* law. *See* Pet. at 2-3. He points out that the enactment and effective dates of Section

---

[5] It provides, in part:

(1.1.) In addition to [Section 6138(a)(1) (relating to recommitment based on conviction in a court of record)], a parolee . . . who . . . pleads guilty . . . [to] any of the following offenses where graded as a summary offense, may at the discretion of the [B]oard be recommitted as a parole violator . . . :

. . . .

(ii) Harassment under 18 Pa.C.S. § 2709 (relating to harassment). . . .

61 Pa.C.S. § 6138(a)(1.1). This provision was added to the Code by amendment in the Act of December 18, 2019, P.L. 776.

5

6138(a)(1.1) occurred after Moy was paroled in November 2019 but before Moy committed the relevant offenses on March 19, 2021, which formed the basis for his later recommitment. Moy argues that, because Section 6138(a)(1.1) was not part of the Code when he was paroled in 2019, it was not part of the conditions of his parole, and he was not later given notice that it would become part of the conditions of parole, to which he had previously agreed in writing. He argues that the Section cannot constitutionally be used to recommit him as a convicted parole violator, even though it went into force before he committed the offenses that led to his recommitment.

In 2019, the General Assembly amended Section 6138 by adding subsection (a)(1.1), which authorizes the Board to recommit parolees based on certain summary offense convictions. We have recognized that this effectively lowered the bar for recommitment, which previously required at least a misdemeanor conviction under subsection (a)(1). *Maxwell v. Pa. Parole Bd.* (Pa. Cmwlth., No. 16 C.D. 2022, filed Nov. 22, 2022), slip op. at 6-7 (citing *Hufmen v. Bd. of Prob. & Parole*, 58 A.3d 860, 864-65 (Pa. Cmwlth. 2012)).[6] Since Moy's recommitment was based in part on a summary offense (here, for harassment) Section 6138(a)(1.1) is implicated. In *Maxwell*—apparently the only decision to address this issue—a parolee challenged Section 6138(a)(1.1) as an *ex post facto* law because it was not enacted until after he committed an offense. (Pa. Cmwlth., No. 16 C.D. 2022), slip op. at 5. The Court noted that the parolee in *Maxwell* had misunderstood the sequence of events: Section 6138(a)(1.1) was enacted both before he committed the new offenses *and before he was paroled*. *Id.*, slip op. at 7-8. The Court also noted that later amendments had not materially changed the Section. *Id.*, slip op. at 8. On

---

[6] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

that basis the Court concluded that the Section is not an *ex post facto* law. *Id.* This case presents an apparently different fact pattern, with Section 6138(a)(1.1) intervening between the grant of parole and the new offenses.

Counsel's no-merit letter briefly mentions Section 6138(a)(1.1). No-Merit Letter (filed Oct. 18, 2023) at 5. But Counsel appears to misunderstand the sequence of events, stating that Section 6138(a)(1.1) "was not signed into law until a month after [Moy's] *conviction*," whereas it was actually enacted between his parole and his commission of the new offenses. *Id.* (emphasis added). Counsel does not analyze the issue Moy actually wants to raise, which is that the amendment changed his parole conditions without notice after he agreed to them. And the letter's subsequent sentence discusses forfeiture of parole liberty credit, which is not related to the Section 6138(a)(1.1) issue. *Id.* Counsel does not analyze whether Moy preserved this issue below. *Cf. Maxwell*, slip op. at 4-5 (analyzing and rejecting the Board's argument that the parolee had waived this issue). Finally, Counsel suggests that Moy's second conviction—a misdemeanor—makes Section 6138(a)(1.1) irrelevant, but Counsel does not consider how that analysis would affect the permissible length of his recommitment term, which is Moy's fourth issue on appeal. As Counsel separately observed, the Board relied on the presumptive recommitment terms for *both* of Moy's convictions to justify the full 12 months of backtime it imposed. No-Merit Letter at 6. Further, the Board itself apparently considered Section 6138(a)(1.1). *See* C.R. at 62 (citing Section 6138(a)(1.1) in the hearing report).[7]

---

[7] We discuss *Maxwell* and the Section 6138(a)(1.1) issue in detail only to fully identify it for purposes of our *Zerby* analysis. We do not yet express any view on the merits of this issue, including whether it has been preserved.

Regardless whether Moy's issues have merit, *Zerby* requires Counsel to identify and analyze each of them. This assists the Court in evaluating each of Moy's claims, which it must do on its own once counsel is permitted to withdraw. Because Counsel's no-merit letter does not fully identify or analyze Moy's first issue, it does not satisfy *Zerby* and we must deny the petition to withdraw as counsel. Counsel may file an amended no-merit letter that adequately analyzes each issue. Or he may submit a brief on the merits of the petition for review.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Tyquan Moy, : 
          Petitioner : 
           : 
          v. :   No. 259 C.D. 2023
           : 
Pennsylvania Parole Board, : 
          Respondent : 

## O R D E R

AND NOW, this 18th day of September 2024, the application to withdraw as counsel filed by David Crowley, Esquire (Counsel) is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner within 30 days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a brief within 30 days of the date Counsel files and serves a brief on the merits.

_____
MATTHEW S. WOLF, Judge